FILED
IN CLERKS OFFICE

F I **UNITED STATES DISTRICT COURT** MAGISTRATE JUDGE _Alexander_
C**FOR THE DISTRICT OF MASSACHUSETTS**

USDC, Mass,
Date 1/8/04
By _____ U.S. DISTRICT COURT
Deputy Clerk DISTRICT OF MASS.

Civil Action No.

INTAC INTERNATIONAL, INC.,
Plaintiff,

# 04 · 10040 REK

v.

ACORP D/B/A ROOTERMAN ,
DONALD MACDONALD,
Defendants.

AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 1/8/04

52990

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## INTRODUCTION

1.      This is a suit for a permanent injunction, an accounting and damages for the

defendants' actions in infringing Plaintiff's copyrights, engaging in unfair and deceptive business

practices, engaging in unfair competition, conversion, unjust enrichment, and breach of contract,

all arising from the Defendants' illegal and unauthorized copying, use and distribution of

computer software developed and copyrighted and/or exclusively licensed by the Plaintiff,

INTAC INTERNATIONAL, INC. ("INTAC ").

2.      INTAC was founded in 1988 and is in the business of designing, developing,

producing, promoting and distributing software known as WINTAC ™. WINTAC ™ software is

a service management and accounting software licensed by INTAC to specialty contractors, such

as plumbing contractors. WINTAC ™ software has been distributed by INTAC in interstate

1

commerce since 1988 and is the common law trademark of INTAC. WINTAC ™ Pro Version
2.1 is protected by copyright registration TX-4-861-038, dated April 15, 1999 and was first
published by INTAC on February 2, 1999 (hereinafter "Wintac"). INTAC owns all right, title
and interest to and in Wintac.

3.    In particular, INTAC has recently discovered that Defendants Rooterman and
Donald MacDonald have copied, distributed and placed upon the market unauthorized copies of
Wintac. Defendant's, upon information and belief, also distributed Wintac to third parties,
including Rooterman franchisees as part of the sale of Rooterman franchise packages to third
parties. This copied software is substantially similar in all respects to the copyrighted Wintac
software owned by Plaintiff and is a verbatim copy of Wintac. Defendant's, upon information
and belief, also distributed Wintac software as it's own software under the name ASOFT
Business Management Software.

## PARTIES

4.    Plaintiff, INTAC is a corporation duly organized under the laws of the
Commonwealth of Massachusetts with a principal place of business at 170 Cambridge Street,
Burlington, Massachusetts 01803. INTAC is principally engaged in the business of designing,
developing, and marketing software and in particular Wintac.

5.    Defendant ACORP. d/b/a ROOTERMAN (hereinafter "Rooterman"), upon
information and belief, is a corporation with a principal place of business at 268 Rangeway
Road, North Billerica, Massachusetts, 01862.

6.    Defendant Donald F. MacDonald (hereinafter "MacDonald"), upon information and

2

belief, is the President, Treasurer and Clerk of ACORP., a corporation with a principal place of

business at 268 Rangeway Road, North Billerica, Massachusetts, 01862. Upon information and

belief MacDonald and Rooterman duplicated, copied, and distributed the Wintac software to

Rooterman franchisees without authorization.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction based on the United States Copyright Laws, 17 U.S.C. §101

*et. Seq.*, and 28 U.S.C. §1338(a). Jurisdiction is also conferred under the Trademark Act of

1946, as amended, 15 U.S.C. §§ 1051 *et. Seq.*, specifically, 15 U.S.C. §1121(a) and 15 U.S.C.

§1125(a) (The Lanham Act, §39 and §43(a)). Jurisdiction over all pendent state claims is proper

pursuant to 28 U.S.C. § 1367.

8.  This Court also has diversity jurisdiction over the parties. Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1391 and 1400, in that Defendants are and were at all relevant times

doing business in this judicial district on their own behalf and through their agents, and may be

found in this judicial district, and the claims asserted herein arise, at least in part, in this judicial

district.

## THE COPYRIGHTED WORKS

9.     Plaintiff INTAC, has developed certain software for specialty contractors known as

Wintac™. On or about September 18, 1998, it licensed to Defendant Acorp a single user copy of

its Wintac software for Nine Hundred and Ninety Five ($995.00) Dollars that was limited to a

single user license by express agreement to use "WINTAC on each computer operated by the

company named below at one and only one physical location".

10.     Based upon the needs of the business community, INTAC created Wintac to assist

3

specialty contractors in construction management and accounting for which INTAC holds the
copyrights.

11.     Plaintiff has taken all necessary measures to protect and maintain the value of its
software, property, trademarks and copyrights.

12.     INTAC holds all right, title and interest to and in Wintac and holds all right, title and
interest in and all exclusive rights to Wintac computer program and screen displays with
Copyright Registration TX 4-861-038, dated April 15, 1999 and has complied in all respects
with the provisions of 17 U.S.C. Section 101 et seq. and all other laws governing copyright, to
secure the exclusive rights and privileges in and to copyrights for the above software.  Each and
every element of original and copyrightable subject matter contained in "Wintac," and each and
every element of copyrightable subject matter which Plaintiff alleges Defendants have infringed
herein, is and has at all times been fully covered by the Copyright laws of the United States.

13.     INTAC has been producing, reproducing and distributing under license Wintac, in
interstate commerce since 1988.

14.     The success of INTAC 's products has been so dramatic that the Wintac trademark
has acquired secondary meaning in the field of construction service management and accounting
software.

15.     Wintac was developed and marketed, and continues to be so further developed and
marketed at significant expense to INTAC .

16.     Since the creation, Wintac has been legally produced, reproduced and distributed only

4

by INTAC. All copies made by INTAC have been offered with notice of copyrights affixed thereon in strict conformity with the provisions of federal law. INTAC also has rights in its trademark Wintac.

## TRADEMARK RIGHTS

17.    INTAC has marketed Wintac, and furthered its valuable rights, under the trademark Wintac. Further, INTAC has common law trademark rights in and to the trade dress associated with its WINTAC product and logo.

18.    INTAC also has common law trademark rights in and to the trade dress associated with Wintac.

19.    INTAC has spent considerable monies in developing its goodwill in the use of these trademarks and has built a substantial business by doing so.

## DEFENDANTS' CONDUCT

20.    On or about February 14, 2003, INTAC became aware through a third party user that Defendants were offering Wintac software as part of its sale of Rooterman franchises.

21.    INTAC was contacted by several Rooterman franchisees requesting and asking questions concerning the operation of Wintac software and for general technical support regarding Wintac software. Upon review of the technical support records for Defendants by INTAC, they discovered that the number of calls to INTAC for technical support by Defendant was far greater than other similar users. Upon information and belief, INTAC believes that Defendants franchisees were calling Defendant with technical questions about Wintac and Defendants were subsequently calling INTAC to ask the same questions and relaying the

5

answers to Rooterman franchisees without disclosing to INTAC the the questions originated from unauthorized users.

22.    Using lawful means, INTAC discovered multiple unauthorized users of Wintac, all allegedly franchisees of Acorp/Rooterman.

23.    The infringed Wintac software did carry the Wintac copyright notice and name in violation of INTAC unique trademark rights and copyrights and violated the license agreement entered into between Plaintiff and Defendant Acorp.

24.    Defendants also advertised a software program entitled "Acorp" on their web site and subsequently removed it from its web site after INTAC notified Defendants on Ocrober 1, 2003 that they have misappropriated INTAC's rights in Wintac. On October 13, 2003, Defendant denied selling Wintac software to franchisees but admitted to providing "demos of the software to a number of its franchisees with the suggestion that they try it out and if they liked it that they purchase it from INTAC." Plaintiff affirmatively avers that any demonstration materials provided to defendants did not have the functionality of the software alleged to have been infringed.

25.    After seeing Defendants software and software, INTAC took diligent steps to further investigate before filing the within action.

26.    The natural, foreseeable result of the aforementioned conduct of defendants has been and will continue to be to deprive INTAC of business and the licensing of Wintac, to deprive INTAC of goodwill, to injure INTAC' relations with prospective customers, and to impose substantial expenses on INTAC to counteract the aforesaid conduct.

27.    INTAC believes and based thereon alleges that it has lost and will loose revenues,

and has sustained or will sustain damages as a result of Defendants aforesaid wrongful conduct.

Defendants aforesaid wrongful conduct has also deprived INTAC and will continue to deprive

INTAC of opportunities to expand its goodwill.

28.    INTAC believes and based thereon alleges that because Defendants have not incurred

substantial research and development costs and other overhead expenses associated with

developing and improving Wintac. As a result, the wrongful reproduction and distribution of

Wintac by Defendants has and will continue artificially to erode the price that potential

customers will be willing to pay for Wintac.

29.    Defendants have been unjustly enriched by their copying, use and marketing of

Wintac.

30.    INTAC believes and based thereon alleges that unless enjoined by this court,

Defendants will continue their course of conduct, and to wrongfully use, infringe upon, sell,

license and otherwise profit from INTAC' Wintac and works derived from them.

## COUNT I
### (Copyright violations)

31.    INTAC repeats and incorporates the allegations contained in the preceding

paragraphs as if fully set forth herein.

32.    INTAC is the owner and/or exclusive licensor of Wintac and therefore owns

exclusive rights, among others, to copy Wintac, to prepare derivative works or updated versions

of its software based upon Wintac and to distribute copies of Wintac by sale or other transfer of

ownership, or by rental, sale or lease.

33.    Since at least as early as 1998 and continuing through the present date, INTAC has

7

been and still is the proprietor and owner of all rights title and interest in Wintac.

34.    Subsequent to the publication of Wintac and with full knowledge of the rights of INTAC  therein, Defendants infringed said copyrights by copying and distributing its software and software which both contain substantial material copied from INTAC 's software and software.

35.    All of Defendants infringing acts were performed without the permission, license or consent of INTAC.

36.    As a result of Defendants' infringement of INTAC copyrights, INTAC has suffered, and is continuing to suffer, irreparable injury. The copyrights infringed by Defendant contribute fundamentally to INTAC 's revenues, commercial prestige, goodwill and profits. Defendants have sold and/or disseminated or caused to be sold and/or disseminated, and intends to sell and/or disseminate or cause to be sold and/or disseminated, its infringing products to INTAC 's clients, customers, and others, and to otherwise use or cause to be used its infringing products for its own commercial purposes. In so doing, Defendants have caused and will cause INTAC to lose current and potential business, market position, goodwill, prestige and profits all related to the sale of the infringing materials and software. INTAC cannot be adequately compensated for these actual and threatened injuries by damages alone.

37.    By reason of Defendants' acts of infringement alleged above, INTAC has suffered damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and a dilution in the value of its rights, all in amounts which are not yet fully ascertainable.

8

38.    Unless restrained and enjoined, Defendants' acts of copyright infringement as alleged above will cause INTAC irreparable injury (17 U.S.C. §§ 501-502). Defendants' willful acts of copyright infringement justify the award of the maximum measure of statutory damages against it. Alternatively INTAC is entitled to its actual damages incurred as a result of Defendants' infringement and any additional profits of the Defendants attributable to the infringement, together with costs and attorneys' fees. (17 U.S.C. § 505).

WHEREFORE, Plaintiff, INTAC, demands judgment in its favor on Count I of its Complaint together with interest, costs and attorneys' fees.

## COUNT II
### (Unfair and Deceptive Trade Practices)

39.    Intact repeats and realleges the allegations set forth in the preceding paragraphs.

40.    Defendants use and distribution of its infringing works is likely to confuse customers and induce the mistaken belief that Defendants' works are associated with INTAC 's copyrighted works or that Defendants infringing works are endorsed or sponsored by INTAC or in some way connected with INTAC.

41.    INTAC and Defendants are persons engaged in the conduct of trade or commerce within the meaning of Massachusetts General Laws Chapter 93A, §§2 & 11.

42.    By reason of the foregoing acts, Defendants have committed unfair and deceptive trade practices and utilized unfair methods of competition in violation of Massachusetts General Laws Chapter 93A, §2.

43.    By reason of Defendants' unfair and deceptive acts of infringement alleged above,

9

INTAC has suffered damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and a dilution in the value of its rights, all in amounts which are not yet fully ascertainable.

44.    Defendants violation of Massachusetts General Laws Chapter 93A, §2 was a willful and knowing violation, and Defendants are therefore liable to INTAC under Massachusetts General Laws Chapter 93A, § 11 for not less than two (2) and not more than three (3) times the actual damages sustained by the INTAC, together with attorneys' fees and costs. Unless restrained and enjoined, Defendants' acts of copyright infringement as alleged above will cause INTAC irreparable injury

Wherefore, Plaintiff, INTAC, demands judgment in its favor on Count II of its Complaint together with interest, costs and attorneys' fees.

## COUNT III
## False Designation of Origin and False Description and Trademark Infringement
### (Section 43(a) of the Lanham Act, 15 U.S.C. §1125)

45.    With full knowledge of the rights of INTAC, Defendants infringed INTAC copyrights by copying and distributing Wintac.

46.    All of Defendants acts were performed without the permission, license or consent of INTAC .

47.    The use by Defendants of the Wintac™ trademark and the INTAC ™ trademark on its infringing product is a knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the products distributed, offered for sale, and

sold by Defendant as originating from or connected with INTAC and constitutes utilizing false descriptions or representations in commerce.

48.     As a result of Defendants' infringement of INTAC copyrights, INTAC has suffered, and is continuing to suffer, irreparable injury. The copyrights infringed by Defendant contribute fundamentally to INTAC 's revenues, commercial prestige, goodwill and profits. Defendants have sold and/or disseminated or caused to be sold and/or disseminated, and intends to sell and/or disseminate or cause to be sold and/or disseminated, its infringing products to INTAC 's clients, customers, and others, and to otherwise use or cause to be used its infringing products for its own commercial purposes. In so doing, Defendants have caused and will cause INTAC to lose current and potential business, market position, goodwill, prestige and profits all related to the sale of the infringing materials and software. INTAC cannot be adequately compensated for these actual and threatened injuries by damages alone.

49.     The aforesaid acts of the Defendants constitute false designation of origin and false description and representation tending to falsely describe Defendants materials all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

50.     By reason of Defendants' acts as alleged above, INTAC suffered damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and a dilution in the value of its rights, all in amounts which are not yet fully ascertainable.

51.     By reason of Defendants' false designation of origin and false description and representation as alleged above, Defendant is liable to INTAC for the actual damages suffered by INTAC as a result of Defendants' acts and any additional profits earned by Defendants as a result of said acts.

11

52.    Unless restrained and enjoined, Defendants' acts as alleged above will cause INTAC irreparable injury.

WHEREFORE, Plaintiff, INTAC, demands judgment in its favor on Count III of its Complaint together with interest, costs and attorneys' fees.

## COUNT IV
### (Common law Unfair Competition)

53.    INTAC repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

54.    With full knowledge of the rights of INTAC therein, Defendants infringed said copyrights by printing and distributing its software which both contain substantial material copied from INTAC 's software and software.

55.    Defendants' acts were performed without the permission, license or consent of INTAC.

56.    As a result of Defendants' infringement of INTAC copyrights, INTAC has suffered, and is continuing to suffer, irreparable injury. The copyrights infringed by Defendant contribute fundamentally to INTAC 's revenues, commercial prestige, goodwill and profits. Defendants have sold and/or disseminated or caused to be sold and/or disseminated, and intends to sell and/or disseminate or cause to be sold and/or disseminated, its infringing products to INTAC 's clients, customers, and others, and to otherwise use or cause to be used its infringing products for its own commercial purposes. In so doing, Defendants have caused and will cause INTAC to lose current and potential business, market position, goodwill, prestige and profits all related to

12

the sale of the infringing materials and software. INTAC cannot be adequately compensated for these actual and threatened injuries by damages alone.

57.    INTAC enjoys a prominent reputation both in the United States and abroad for providing software and related services of the highest quality. As a result of its reputation, and through extensive advertising and promotion, INTAC has developed extremely valuable good will in the Wintac and INTAC name, which appears on its packages, software , advertisements, signage and the like. Defendants are gaining an unfair competitive advantage with INTAC by offering INTAC  materials and software to the training industry at the expense of INTAC 's substantial investment.

58.    As the rightful owner of the Wintac trademark, INTAC  customers  pay INTAC royalties for the privilege of using the Wintac software in conjunction with the services offered by those companies.

59.    The aforesaid acts of the Defendants constitute unfair competition.

60.    By reason of Defendants' acts as alleged above, INTAC suffered damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and a dilution in the value of its rights, all in amounts which are not yet fully ascertainable.

61.    By reason of Defendants' false designation of origin and false description and representation as alleged above, Defendant is liable to INTAC  for the actual damages suffered by INTAC  as a result of Defendants' acts and any additional profits earned by Defendants as a result of said acts.

62.    Unless restrained and enjoined, Defendants' acts as alleged above will cause INTAC irreparable injury.

WHEREFORE, Plaintiff, INTAC, demands judgment in its favor on Count IV of its Complaint together with interest, costs and attorneys' fees.

## COUNT V
(Conversion)

63.    INTAC repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

64.    Defendants have unlawfully taken and converted for his own use INTAC 's copyrighted software.

65.    Defendant has continued to retain and use, without permission, license, or consent INTAC 's copyrighted software.

66.    As a result of Defendants' unlawful conversion of INTAC 's copyrighted software, INTAC has suffered and will continue to suffer irreparable harm and substantial damages.

WHEREFORE, Plaintiff, INTAC, demands judgment in its favor on Count V of its Complaint together with interest, costs and attorneys' fees.

## COUNT VI
(Unjust Enrichment)

67.    INTAC repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

68.    Since at least as early as 1998 and continuing through the present date, INTAC has been and still is the proprietor, by exclusive license or otherwise, of all rights title and interest in "the Software."

14

69.     Subsequent to the publications of "the Software" and with full knowledge of the rights of INTAC therein, Defendants infringed said copyrights by printing and distributing its software and software which both contain substantial material copied from INTAC 's software and software.

70.     INTAC has been selling its WintacTM product, including but not limited to the distribution of "the Works," in commerce for a significant period of time

71.     The success of INTAC 's products have been so dramatic that the trademark WintacTM has acquired secondary meaning in the field of business communication.

72.     Wintac and in conjunction therewith, "the Software," was developed and marketed, and continues to be so further developed and marketed at significant expense to INTAC .

73.     Defendants have been distributing materials and software substantially similar to "the Software" and referring to the WintacTM software without having incurred the significant expense in the development and marketing of original works.

74.     All of Defendants acts were performed without the permission, license or consent of INTAC .

75.     By their conduct, Defendants have unjustly enriched themselves in an amount estimated to be not less that One Hundred Thousand ($100,000) Dollars.

WHEREFORE, Plaintiff, INTAC , demands judgment in its favor on Count VI its Complaint together with interest, costs and attorneys' fees.

## COUNT VII
(Breach of Contract)

15

76.    INTAC repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

77.    The order form signed by Donald MacDonald on September 18, 1998 and provides in part, "... I am licensed to install and use WINTAC on each office computer  operated by the company named below at one and only one physical location."

78.    Said sale of software to franchisees constitutes a breach of said agreement.

WHEREFORE, Plaintiff, INTAC, demands judgment in its favor on Count VII of its Complaint together with interests, costs and attorneys' fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Temporarily restrain, preliminarily and permanently enjoin, Defendants, and their agents, representatives and assigns from infringing Plaintiff's copyrights and from publishing, selling, marketing or otherwise disposing of any copies of Defendants' infringing works or any materials derived therefrom.

2.    Temporarily restrain, preliminarily and permanently enjoin, Defendants, and their agents, representatives and assigns from destroying, concealing, altering or otherwise disposing of the proprietary materials owned by Plaintiff.

3.    Temporarily restrain, preliminarily and permanently enjoin, and direct Defendants, and their agents, representatives and assigns to return to Plaintiff all materials, documents, software, in machine readable form or otherwise, or any other information, whether

16

76.    INTAC repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

77.    The order form signed by Donald MacDonald on September 18, 1998 and provides in part, "... I am licensed to install and use WINTAC on each office computer  operated by the company named below at one and only one physical location."

78.    Said sale of software to franchisees constitutes a breach of said agreement.

WHEREFORE, Plaintiff, INTAC, demands judgment in its favor on Count VII of its Complaint together with interests, costs and attorneys' fees.


## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Temporarily restrain, preliminarily and permanently enjoin, Defendants, and their agents, representatives and assigns from infringing Plaintiff's copyrights and from publishing, selling, marketing or otherwise disposing of any copies of Defendants' infringing works or any materials derived therefrom.

2.    Temporarily restrain, preliminarily and permanently enjoin, Defendants, and their agents, representatives and assigns from destroying, concealing, altering or otherwise disposing of the proprietary materials owned by Plaintiff.

3.    Temporarily restrain, preliminarily and permanently enjoin, and direct Defendants, and their agents, representatives and assigns to return to Plaintiff all materials, documents, software, in machine readable form or otherwise, or any other information, whether

16

originals or copies, however preserved, duplicated, recorded, authored, developed, distributed or produced all material on which Plaintiff's copyrighted materials and are based.

4.      Order that Defendants be required to account of all gains, profits and advantages derived by Defendants by their infringement of Plaintiff's copyrights, their unfair trade practices, their unfair competition and their unjust enrichment.

5.      Award Plaintiff their actual, statutory, or other damages on all counts in amounts to be determined.

6.      Award Plaintiff multiple damages as authorized by Statute.

7.      Award Plaintiff reasonable attorney's fees as authorized by Statute. Enter judgment for Plaintiff and against Defendants on all applicable counts.

8.      Grant to Plaintiff such other relief as the Court may deem just and proper under the circumstances.


## VERIFICATION

I, Dan Restivo, hereby verify that the facts contained in the aforementioned Complaint are true and accurate to the best of my knowledge and belief. Signed under the pains and penalties of perjury this 22 Day of December, 2003.

Dan Restivo, President
INTAC INTERNATIONAL, INC.

17

INTAC INTERNATIONAL, INC.
By its attorneys,

Emanuel D. Torti, BBO # 546619
John J. FLanagan, BBO # 649222
TORTI FLANAGAN, P.C.
146 Main Street
Norfolk, MA 02056
(508) 541-4100
Dated: December 22, 2003

\\NTSERVER\Jack\My Documents\Intac\INTACltComplaint12403.doc

18