UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-10040-REK

| | |
|---|---|
| INTAC INTERNATIONAL, INC.<br>Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| A CORP d/b/a ROOTERMAN and<br>DONALD MACDONALD,<br>Defendants | )<br>)<br>)<br>)<br>) |

## DEFENDANT, DONALD MACDONALD'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

This is an action against A Corp and its officer, Donald MacDonald ("MacDonald") for copyrights infringement, unfair and deceptive trade practices, trade mark infringement, unfair competition, conversion, unjust enrichment, and breach of contract. This memorandum constitutes support for defendant MacDonald's Motion to Dismiss Plaintiff's claims against MacDonald individually. Under Fed. R. Civ. P. 12(b)(6) and Mass. R. Civ. P. 12(b)(6), and precedents in this jurisdiction, Plaintiff's claims against MacDonald individually should be dismissed because Plaintiff failed to state a claim upon which relief can be granted.

## INTRODUCTION

All allegations contained in the Complaint are predicated on a breach of contract claim by Plaintiff against the Defendants. The contract at issue consists of a collection of order forms for Plaintiff's software over a five-year period since 1998, each of which lists A Corp as the contracting party, with MacDonald signing as an officer of A Corp. At no time has MacDonald had any personal contractual relationship with Plaintiff.

1

The Plaintiff bases all of its allegations upon an initial license agreement cited in Paragraph 9 of the Complaint. Plaintiff and A Corp entered into a license agreement, dated September 18, 1998, where Plaintiff agreed to sell its software to A Corp for use on A Corp's office computers. At the time of the contract, A Corp was identified as the contracting party where MacDonald signed the agreement as agent on behalf of A Corp. Subsequent annual order forms between the Plaintiff and A Corp for multi-user software license upgrades likewise listed A Corp as the contracting party, with MacDonald again signing as an officer of the corporation. Moreover, the software was purchased with a corporate American Express card in the "Rooter-Man Corp." name, where Rooter-Man is a sister corporation of A Corp.

A Corp is the franchisor of the Rooter-Man franchise system, and Rooter-Man Corp. is the plumbing and tool supplier for this franchise system. A Corp and Rooter-Man Corp. are both duly organized under the laws of the Commonwealth of Massachusetts and share offices located at 268 Rangeway Road, N. Billerica, Massachusetts. Any and all contractual agreements with the Plaintiff that are at issue in this case were with the corporation, A Corp. Mr. MacDonald never personally entered into any contractual relationship with Plaintiff, nor had he agreed to be personally responsible for the contract between Plaintiff and A Corp.

In its complaint, Plaintiff alleges that the defendants breached the original license agreement by making copies of the software and distributing the alleged software to A Corp's franchisees without Plaintiff's consent, which also constituted copyright violation, unfair and deceptive practices, trade mark infringement, unfair competition, conversion, and unjust enrichment.

## ARGUMENT

### A. PLAINTIFF'S ACTION AGAINST MACDONALD INDIVIDUALLY SHOULD BE DISMISSED BECAUSE PLAINTIFF STATES THAT IT CONTRACTED WITH DEFENDANT ACORP AND FAILS TO ALLEGE THAT MACDONALD EVER AGREED TO BE PERSONALLY LIABLE ON THE CONTRACT

Plaintiff's claims against MacDonald, all arising from a claim of breach of the license agreement, should be dismissed because Plaintiff knew that MacDonald signed all the order forms to purchase Plaintiff's software on behalf of A Corp, and it fails to state that MacDonald had ever agreed to be personally liable on the agreement. The law governing contractual liability of corporation officers was well settled in *Whitney v. Wyman*, 101 U.S. 392 (1879), where the Supreme Court of the United States held that the defendant corporation officer was not personally liable on contract between the corporation and the plaintiff in absence of his consent. *See Id.* at 397; *see also Callahan v. Harvest Board International, Inc.*, 138 F.Supp.2d 147, 163 (D.Mass.2001) (action against senior vice president of the corporation was dismissed because the corporation officer ordinarily is not liable for the corporation's breach of contract). The Massachusetts cases have uniformly held that a corporate officer, as agent for a disclosed principal, cannot be held liable for breach of contract by the corporation. *Marshall v. Stratus Pharmaceutical, Inc.*, 51 Mass. App. Ct. 667, 670-74 (2001) and authorities cited therein.

The *Whitney* Court held that where a party who disclosed his principal and was known to be acting as an agent enters, as such, into a contract, he was not liable in the absence of his express agreement to be bound. *See Whitney v. Wyman*, at 396. Further, in *Union Mutual Life Insurance Co. v. Chrysler Corp.*, 793 F.2d 1 (1st Cir. 1986), the First Circuit Court held that the plaintiff who knowingly and voluntarily contracted with a corporation must look to the

corporation, not to its officers, for liabilities under the contract. *See Id.* at 11-12 (claim against the corporation officer for breach of contract could not stand).

In the present case, all allegations contained in the Complaint by Plaintiff against the Defendants are based on alleged breach of the license agreement by the defendants' copying and distributing the alleged copyrighted software. Similar to the situation in the cases cited above, where the principal was disclosed at the time of contract, A Corp has always been expressly identified as the contracting party of the agreements between Plaintiff and A Corp, where MacDonald signed the agreements on behalf of A Corp. Plaintiff admitted, in its Complaint, that at the time of the contract, it was selling its software to "**Defendant A Corp**" (Complaint, 3) rather than MacDonald personally. Additionally, the software was purchased with a corporate credit card. Further, Plaintiff shipped software ordered by A Corp to A Corp, not MacDonald. Furthermore, Plaintiff failed to allege or provide any evidence to show that MacDonald ever agreed to be personally responsible for the contract he signed on behalf of A Corp. Moreover, Plaintiff failed to allege, in its Complaint, that MacDonald individually or personally had any sort of contractual relationship with Plaintiff.

Therefore, based on precedents cited above, Plaintiff's claim against MacDonald individually cannot stand.

B. PLAINTIFF FAILED TO STATE ANY SPECIFIC FACT IN SUPPORT THAT MACDONALD PERSONALLY ENGAGED IN ANY ALLEGED WRONGFUL CONDUCT

Claims against MacDonald individually should be dismissed because Plaintiff failed to state any specific fact to support that MacDonald personally engaged in any alleged wrongful conduct. To hold a corporate officer liable for torts in which he personally participated, "what is required is some showing of direct personal involvement by the corporate officer in some

decision or action which is causally related to plaintiff's injury." *See Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 907 (1st Cir.1980) (the plaintiff's tort claim against the defendant corporate officers was dismissed for failure to allege specific facts in support of his general allegation that the defendant officers were personally involved in the company's tortius conduct).

An officer of a corporation does not incur personal liability for a tort committed by the corporation or by another corporate officer merely by virtue of the office which he holds in the corporation. *See Refrigeration Discount Corp. v. Catino*, 330 Mass. 230, 235-236 (1953); *see also Schmid v. National Bank of Greece, S.A.*, 622 F. Supp. 704, 712 (D.Mass.1985), affirmed 802 F.2d 439 (1st Cir.1986) (citing *Refrigeration Discount* and stating that corporate vice-president's status as officer of loan brokerage corporation did not impose upon him any special duty to prospective borrower). Further, in *Rhone v. Energy North, Inc.*, 790 F.Supp.353, (D. Mass. 1991), the court dismissed an action under 93A by gasoline retailer against gasoline supplier's officers, where the court reasoned that the plaintiff failed to allege any specific facts to support its allegations that the officers defendants engaged in the specified types of conduct in violation of 93A. *See Id.* at 362. Moreover, merely identifying individual defendant as officer of co-defendant corporation was insufficient to show personal liability of officer for tortuous acts allegedly committed by corporate and its officers. *See Lahr v. Adell Chem. Co.*, 300 F.2d 256, 260 (1st Cir. 1962).

Similar to the plaintiffs in the cases cited above, Plaintiff in the present case has set forth no claim against McDonald personally. Plaintiff alleges, in general, that it "believed" that MacDonald duplicated and distributed the copyrighted software in its Introduction section and Parties description section of the Complaint. Plaintiff, however, failed to state any specific fact,

5

from its first count to the sixth count, to support its above general allegations. All the allegations in these counts refer to the "defendants," where none of them states how MacDonald was personally involved in any wrongful conduct. Although Plaintiff alleges, in the seventh count, that MacDonald signed the license agreement in September 1998, MacDonald cannot be held personally liable on the contract, which has been discussed in the prior section of this memorandum. *See* supra 3-4.

It is clear that none of the allegation in Plaintiff's complaint provides any specific fact to support Plaintiff's general allegation that MacDonald personally engaged in the alleged wrongful conduct. According to the precedents cited above, Plaintiff's general allegation against MacDonald is not sufficient to survive a motion to dismiss on the ground that it fails to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, the defendant MacDonald respectfully requests this honorable Court to dismiss Plaintiff's claims against him individually.

March 22, 2004

Respectfully Submitted by,
Donald F. MacDonald
By his attorney,

William H. McCarter, Jr.
BBO # 327620
P.O. Box 1044
Winchester, MA 01890
(781) 729-3892

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was served by fax and by mail upon the attorney of record for Plaintiff on the date set forth below.


Date:    March 22, 2004

_____
William H. McCarter, Jr.