UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-10040 REK

INTAC INTERNATIONAL, INC.,               )
                            Plaintiff      )
                                           )          **DRAFT**
v.                                         )          **March 19, 2004**
                                           )
A CORP d/b/a ROOTERMAN and                 )
DONALD MACDONALD,                          )
                            Defendants     )
                                           )

## ANSWER AND COUNTERCLAIM OF DEFENDANT
## A CORP d/b/a/ ROOTERMAN

Defendant A Corp d/b/a Rooterman (hereinafter "Defendant"), denying each and every allegation of the Plaintiff's Complaint unless specifically admitted, answers each numbered paragraph as follows. As used herein the phrase "without knowledge" shall mean the Defendant is without knowledge sufficient to admit or deny the allegation and therefore denies the allegations.

1.      The Defendant admits that the Plaintiff is bringing suit for the alleged actions stated in Paragraph 1 of the Complaint, but denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.      The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      The Defendant denies the allegations contained in paragraph 3 of the Complaint.

## THE PARTIES

4.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.    The Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.    The Defendant admits that Donald MacDonald is the President, Treasurer and Clerk of A Corp, a corporation with a principal place of business at 268 Rangeway Road, N. Billerica, Massachusetts, but otherwise denies the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.    The Defendant denies the allegation contained in Paragraph 8 with respect to diversity jurisdiction and is without knowledge as to the truth of the balance of the allegations contained in Paragraph 8 of the Complaint.

## THE COPYRIGHTED WORKS

9,    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 16 of the Complaint.

## TRADEMARK RIGHTS

17.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 19 of the Complaint.

## DEFENDANTS' CONDUCT

20.    The Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.    The Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.    The Defendant is without knowledge as to the truth of the allegation contained in Paragraph 22 regarding Plaintiff's activities, but otherwise specifically denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.    The Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     The Defendant denies the allegations contained in the first sentence of Paragraph 24 of the Complaint and admits the allegation contained in the second sentence of Paragraph 24. Defendant is without knowledge as to the truth of the allegations contained in the third sentence of Paragraph 24.

25.     The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     The Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     The Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     The Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     The Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     The Defendant denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT I
## (Copyright Violations)

31.     The Defendant repeats the answers set forth in the preceding paragraphs.

32.     The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     The Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     The Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     The Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     The Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     The Defendant denies the allegations contained in Paragraph 38 of the Complaint.

WHEREFORE, the Defendant demands that Count I of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT II
### (Unfair and Deceptive Trade Practices)

39.   The Defendant repeats the answers set forth in the preceding paragraphs.

40.   The Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.   The Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42.   The Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.   The Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.   The Defendant denies the allegations contained in Paragraph 44 of the Complaint.

WHEREFORE, the Defendant demands that Count II of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT III
### (False Designation of Origin and False Description and Trademark Infringement)

45.   The Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.   The Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.   The Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.   The Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.   The Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.   The Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.   The Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.   The Defendant denies the allegations contained in Paragraph 52 of the Complaint.

WHEREFORE, the Defendant demands that Count III of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT IV
### (Common Law Unfair Competition)

53.    The Defendant repeats the answers contained in the preceding paragraphs.

54.    The Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.    The Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.    The Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.    The Defendant denies the third sentence of Paragraph 57 but otherwise is without

knowledge as to the allegations contained in Paragraph 57 of the Complaint.

58.    The Defendant is without knowledge as to the allegations contained in Paragraph 58 of

the Complaint.

59.    The Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.    The Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.    The Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.    The Defendant denies the allegations contained in Paragraph 62 of the Complaint.

WHEREFORE, the Defendant demands that Count IV of the Plaintiff's Complaint be

dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT V
### (Conversion)

63.    The Defendant repeats the answers contained in the preceding paragraphs.

64.    The Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.    The Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.    The Defendant denies the allegations contained in Paragraph 66 of the Complaint.

WHEREFORE, the Defendant demands that Count V of the Plaintiff's Complaint be

dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT VI
### (Unjust Enrichment)

67.    The Defendant repeats the answers contained in the preceding paragraphs.

68.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 68.

69.    The Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 70.

71.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 71.

72.    The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 72.

73.    The Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.    The Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.    The Defendant denies the allegations contained in Paragraph 75 of the Complaint.

WHEREFORE, the Defendant demands that Count VI of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT VII
### (Breach of Contract)

76.    The Defendant repeats the answers contained in the preceding paragraphs.

77.    The Defendant admits the allegations contained in Paragraph 77 of the Complaint but maintains that the order form was subsequently modified to permit installation and use of Wintac software at more than one physical location.

78.    The Defendant denies the allegations contained in Paragraph 78 of the Complaint.

WHEREFORE, the Defendant demands that Count VII of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

### Third Affirmative Defense

The Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because the Plaintiff failed to comply with the copyright registration requirements of 17 U.S.C. §§ 411(a).

### Fourth Affirmative Defense

The Plaintiff's Complaint should be dismissed because Plaintiff did not have valid copyright ownership of the Wintac software since A Corp made substantial contributions to Wintac's software development.

### Fifth Affirmative Defense

The Plaintiff's copyright infringement claims against A Corp should be dismissed for Plaintiff's failure at the time this action was commenced to have registered any copyright for the Wintac software originally sold to A Corp and the versions subsequently alleged to have been wrongfully distributed by A Corp.

### Sixth Affirmative Defense

The Plaintiff's Complaint should be dismissed because the use, if any, was a fair use under Section 107 of the Copyright Act Fair Use provision.

### Seventh Affirmative Defense

The Plaintiff is estopped from asserting its claims against the Defendant by virtue of the Plaintiff's consent and assistance in Defendant A Corp's distribution of Plaintiff's demonstration CD-ROM's to Defendant A Corp's franchisees for testing and consideration and Defendant A Corp's reliance on Plaintiff's consent to its detriment.

### Eighth Affirmative Defense

The Plaintiff has waived any right to relief given the Plaintiff's failure to object in a timely manner to the Defendant's actions.

### Ninth Affirmative Defense

The Plaintiff's allegations against Defendant A Corp should be dismissed because at the time of the original license agreement between the Plaintiff and Defendant A Corp in 1998, the Plaintiff did not have a copyright and had knowledge of the Defendant A Corp's franchise business and consented to A Corp's distribution of demonstration CD-ROMs to Defendant A Corp's franchisees for testing and consideration, and Plaintiff assisted in this distribution by providing multiple copies of such CD-ROMs and marketing materials.

### Tenth Affirmative Defense

The doctrine of unclean hands prohibits the Plaintiff from asserting the claims alleged in the Complaint given the Plaintiff's active participation in the distribution of the demonstration disks and supporting marketing material and its lack of good faith in its dealings with Defendant A Corp.

## Eleventh Affirmative Defense

The Plaintiff is barred by the Statute of Frauds from asserting the claims alleged in the Complaint.

## Twelfth Affirmative Defense

The Plaintiff is barred by the Statute of Limitations from asserting the claims alleged in the Complaint.

## Thirteenth Affirmative Defense

The Plaintiff's allegations are barred by the equitable doctrine of laches given the Plaintiff's delay in bringing this action to the prejudice of Defendant A Corp.

## Fourteenth Affirmative Defense

The Plaintiff's claims against the Defendant should be barred because the Plaintiff acted with fraud and deception when it surreptitiously contacted Defendant A Corp's franchisees to obtain information about the franchisees' acquisition of the demonstration disks, and in so doing, interfered with Defendant A Corp's contractual relations with its franchisees by intimating to Defendant A Corp's franchisees that A Corp had illegally sold Plaintiff's software to its franchisees.

## Fifteenth Affirmative Defense

The Plaintiff's claims against the Defendant should be barred because the Defendant's alleged appropriation of copyrighted material involved Plaintiff's demonstration software, which was in the public domain and available on Plaintiff's web site for download to anyone visiting the Intac International, Inc. website.

### Sixteenth Affirmative Defense

The Plaintiff's claims against the Defendant under the terms of the original licensing agreement should be dismissed because such agreement was subsequently modified by the parties.

### Seventeenth Affirmative Defense

The Plaintiff's claims against Defendant A Corp are frivolous and without merit.

### Eighteenth Affirmative Defense

The Plaintiff's claims against the Defendant should be dismissed because an independent contractor, not an agent or employee of A Corp, contracted with the Plaintiff to resell the software program as authorized by Plaintiff.

### Nineteenth Affirmative Defense

The Plaintiff's allegations of conversion against the Defendant should be dismissed because such claims are preempted by federal copyright and/or trademark law.

### Twentieth Affirmative Defense

The Plaintiff's allegations of conversion against the Defendant should be dismissed because the software was never unlawfully taken and converted for Defendant's own use but acquired through a lawful purchase and other lawful means.

### Twenty-First Affirmative Defense

The Plaintiff's allegations of unfair competition against the Defendant should be dismissed because such claims are preempted by federal copyright and/or trademark law.

### Twenty-Second Affirmative Defense

The Plaintiff's allegations of unfair and deceptive trade practices against the Defendant should be dismissed because they are preempted by federal copyright and/or trademark law.

## REQUEST FOR RELIEF

The Defendant respectfully requests that the Court deny each and every request of the Plaintiff for relief whether by way of injunctive relief or damages, and that judgment enter for the Defendant together with attorneys' fees and costs.

## COUNTERCLAIM

Defendant and Plaintiff-in-Counterclaim A Corp d/b/a Rooterman (hereinafter the "Defendant") brings the following counterclaim against the Plaintiff and Defendant-in-Counterclaim, Intac International, Inc. (hereinafter the "Plaintiff").

1.    Defendant A Corp d/b/a/ Rooterman is duly organized under the laws of the Commonwealth of Massachusetts and has a principal place of business at 268 Rangeway Road, N. Billerica, Massachusetts.

2.    Upon information and belief, Intac International, Inc. is a Massachusetts corporation with a principal place of business in Burlington, Massachusetts.

3.    On or about September 18, 1998, the Defendant A Corp entered into an agreement for the sale and licensing of computer software owned by Intac International, Inc. (the "Agreement").

4.    Subsequent to such purchase, Eugene Dundey, an employee of A Corp, discussed with an Intac representative the purchase of this software for use in  A Corp's franchise business, including the recommendation to A Corp's Rooter-Man franchisees of the Wintac software for use in their respective businesses.

5.    On or about September 18, 1998, Intac International, Inc. was in the early stages of development of this software and was already marketing this software to the public.

6.    During subsequent discussions with Intac representatives, both Eugene Dundey and Donald F. MacDonald discussed the possibility of assisting Intac in its marketing efforts for the Wintac product by recommending the demonstration software to Rooter-Man franchisees for review and testing in their respective businesses.

7.    In April, 1999, A Corp upgraded its Wintac software to a multi-user version with unlimited computers at no additional cost.  Subsequent upgrades to its Wintac software were also for multi-user unlimited network editions with unlimited computers at no additional cost.

8.    Eugene Dundey, an employee of A Corp, along with a reseller of Wintac, offered to assist Plaintiff further in its marketing efforts by bringing the Plaintiff's formal marketing brochures and demonstration disks to the annual Cole Publishing Pumper Cleaner Expo, an international sewer cleaning industry trade show, for exposure and introduction to thousands of potential software purchasers.

9.    As per the email from Eugene Dundey to the Plaintiff, attached as Exhibit A, on or about January 2000, Daniel J. Restivo of Intac International, Inc. delivered a box of Intac International marketing brochures and demonstration disks to Defendant A Corp for display and distribution at said trade show.  A copy of the brochure, which states that the software installs on unlimited computers at no additional charges, is attached as Exhibit B.

10.    On or about February 2000, A Corp and its representatives displayed and distributed said brochures and demonstration disks at said trade show to the benefit of Plaintiff without any compensation accruing to A Corp.

11.    After the initial supply of material was distributed, A Corp requested a restock and Eugene Dundee and Donald F. MacDonald were specifically told by Daniel J. Restivo, Intac's

then VP of Sales and Marketing, that they had an unlimited license and could make as many copies of the software for their use as they needed.

12.    Since purchasing the Wintac software and acquiring the demonstration disks from the Plaintiff for distribution, Defendant A Corp has routinely recommended this demonstration software to its new franchisees for review and testing in their respective franchise operations with the proviso that such franchisees would deal directly with Plaintiff if they decided to purchase the software.

13.    Since purchasing the software on September 18, 1998, Defendant A Corp has spent valuable time and effort to work together with the programming and support staff of Intac International, Inc. to debug and improve the Wintac software, which in its original version was incompatible with A Corp's existing software programs and caused considerable damage to A Corp's computers and loss of company data.

14.    Such interactions and modifications between Plaintiff and Defendant A Corp have added significant value to Plaintiff's Wintac software.   Enhancements to the Wintac software resulted from the extensive research and development of the system by A Corp without monetary compensation.

15.    At no time has Defendant A Corp sold any Wintac software or any other related Wintac disks to its franchisees or any other persons.

16.    At no time has Defendant A Corp sold or included any Wintac software as part of the purchase of any Rooter-Man franchise.

17.    At no time has Defendant A Corp made any representations to current or potential Rooter-Man franchisees that Wintac software was included as part of the purchase of a Rooter-Man franchise.

18.     Defendant A Corp routinely recommends products to its Rooter-Man franchisees that the franchisor believes would be useful and valuable to its franchisees in the development of their business.

19.     Such products include, but are not limited to, tools, plumbing and sewer equipment, supplies, and Wintac software.

20.     Such products are not included as part of a Rooter-Man franchise purchase but are merely recommended in an effort to assist franchisees in obtaining well-tested and reliable products for their business.

**COUNT I**
**(Breach of Contract)**

21.     The allegations of paragraphs 1-20 are realleged and incorporated herein.

22.     There existed a valid contract between the Plaintiff and Defendant A Corp for the sale of Wintac software and licensing without any conditions nor excuses of performance.

23.     Plaintiff subsequently breached said contract by its failure to abide by the modification of said agreement relating to Defendant A Corp's unlimited right to use the software.

24.     As a result of Plaintiff's breach, Defendant A Corp suffered damages, including damage to its reputation and goodwill among its franchisees.

WHEREFORE, the Defendant requests the Court enter judgment on its behalf with respect to Count I of the Defendant's Counterclaim, together with costs and attorneys' fees.

**COUNT II**
**(Misrepresentation and Deceit)**

25.     The allegations of paragraphs 1-24 are realleged and incorporated herein.

26.    Plaintiff intentionally misrepresented to Donald F. MacDonald and Eugene Dundee a material term of the contract between the Plaintiff and Defendant A Corp; namely, that Defendant could have unlimited use of the software.

27.    Plaintiff falsely represented to Defendant A Corp that by purchasing multi-user versions of the software, the purchaser would have unlimited use of the software for an unlimited number of computers at unlimited locations.

28.    Plaintiff was aware of the falsity of the representation when it was made to Mr. MacDonald and Mr. Dundee.

29.    The Defendant relied on this misrepresentation to its detriment and as a result suffered loss of anticipated profit to its franchise as a whole and loss of reputation and goodwill among its franchisees.

WHEREFORE, the Defendant requests the Court enter judgment on its behalf with respect to Count II of the Defendant's Counterclaim, together with costs and attorneys' fees.


## COUNT III
### (Unfair and Deceptive Trade Practices)

30.    The allegations of paragraphs 1-29 are realleged and incorporated herein.

31.    On information and belief, Plaintiff and Defendant A Corp are both Massachusetts corporations engaged in trade and commerce within the meaning of M.G.L. c. 93A, §§2 and 11.

32.    Plaintiff unfairly and deceptively misled the Defendants in believing they had the right to distribute Plaintiff's software to Defendant A Corp's franchisees.

33.    Plaintiff willfully, knowingly and intentionally interfered with Defendant A Corp's relationship with its franchisees to A Corp's detriment, and A Corp suffered a loss of value to its franchise, loss of profits and a diminished goodwill and reputation among its franchisees; and

16

Plaintiff is therefore liable to Defendant A Corp under Massachusetts General Laws, Chapter 93A, §§2 and 11 for not less than two (2) and not more than three (3) times the actual damages sustained by Defendant A Corp together with attorneys fees and costs.

WHEREFORE, the Defendant requests the Court enter judgment on its behalf with respect to Count III of the Defendant's Counterclaim, together with costs and attorneys' fees.

## COUNT IV
### (Tortious Interference With Contractual Relations)

34. The allegations of paragraphs 1-33 are realleged and incorporated herein.

35. On or about September 2003, Plaintiff acted with fraud and deception when it surreptitiously contacted Defendant A Corp's franchisees to obtain information about the franchisees' acquisition of the demonstration disks, and attempted to elicit from each a confirmation of purchase of the Wintac software as part of their Rooter-Man franchise purchase, and in so doing, interfered with Defendant A Corp's contractual relations with its franchisees by intimating to Defendant A Corp's franchisees that A Corp had illegally sold non-demonstration software to its franchises.

36. The Plaintiff had knowledge of the contractual and business relationship existing between Defendant A Corp and its franchisees at the time Plaintiff contacted A Corp's franchisees

37. Plaintiff intentionally and with improper purpose interfered with A Corp's franchisor-franchisee relationship in an effort to portray the Defendant A Corp as having illegally sold Wintac software as part of the franchise purchase when, in fact, no such sale was ever made.

38. Plaintiff has knowingly and purposefully damaged Defendant A Corp's relationship and reputation with its current and prospective franchisees, and Defendant has suffered a loss of goodwill and trust among its current and prospective franchisees.

WHEREFORE, the Defendant requests the Court enter judgment on its behalf with respect to Count IV of the Defendant's Counterclaim, together with costs and attorneys' fees.

## COUNT V
### (Breach of Warranty)

39.    The allegations of paragraphs 1-38 are realleged and incorporated herein.

40.    The Plaintiff's failure to correct product deficiencies in its software resulted in damage to Defendant A Corp's computer systems and company data stored therein and constitutes a breach of warranty of the Wintac software.

41.    Such deficiencies existed at the time of sale of Plaintiff's software to Defendant A Corp .

42.    As a result of Plaintiff's breach of warranty, Defendant A Corp suffered harm to its computer equipment and company data stored therein which required considerable additional cost to repair, remedy and correct.

WHEREFORE, the Defendant requests the Court enter judgment on its behalf with respect to Count V of the Defendant's Counterclaim, together with costs and attorneys' fees.

## COUNT VI
### (Abuse of Process)

43.    The allegations of paragraphs 1-42 are realleged and incorporated herein.

44.    The Plaintiff failed to make a good faith claim against the Defendant and acted with an ulterior motive of extorting an unconscionable amount of money through illegal means by virtue of a letter, purporting to be a demand letter under M.G. L. c. 93A, which attempted to extort $5,000,000 from Defendant A Corp, and threatened treble damages or $15,000,000, (Exhibit C), while at the same time Plaintiff refused outright to consider any reasonable settlement offer.

45.    No reasonable effort was made by Plaintiff to resolve the alleged unauthorized use of Plaintiff's software by Defendant.

46.     Such actions by the Plaintiff constituted abuse of judicial process.

47.     The Plaintiff's willful attempt to extract an outrageous and unwarranted sum from Defendant, together with Plaintiff's refusal to consider any settlement offer, caused the Defendant considerable loss of employee time, effort and attention away from Defendant's pursuit of its own commercial objectives and interests, and caused severe injury to the business and reputation of Defendant A Corp with its franchisees, prospective franchisees and others.

WHEREFORE, the Defendant requests the Court enter judgment on its behalf with respect to Count VI of the Defendant's Counterclaim, together with costs and attorneys' fees.

## COUNT VII
## (Frivolous Claim)

48.     The allegations of paragraphs 1-47 are realleged and incorporated herein.

49.     The Plaintiff willfully and intentionally made bad faith and frivolous claims in both its demand letter and its Complaint with full knowledge that Defendant A Corp had been given unlimited license to copy and distribute the Wintac software to its franchisees.

50.     Pursuant to M.G.L. c. 231 §6F, Plaintiff's frivolous claims entitle Defendant A Corp to reasonable attorneys' fees plus costs and expenses of defending such claims.

WHEREFORE, the Defendant requests the Court enter judgment on its behalf with respect to Count VII of the Defendant's Counterclaim, together with costs and attorneys' fees.

## REQUEST FOR RELIEF

WHEREAS, Defendant hereby requests this honorable Court enter judgment in its favor as follows:

1.     Award of damages to Defendant for breach of contract;

2.     Award of damages to Defendant for misrepresentation and deceit;

3.      Award of treble damages to Defendant for Plaintiff's knowing and intentional unfair and deceptive trade practice;

4.      Award of damages to the Defendant for tortious interference with A Corp's contractual relationships with its franchisees;

5.      Award of damages to the Defendant for breach of warranty;

6.      Award of damages to the Defendant for Plaintiff's abuse of process;

7.      Award of damages to the Defendant for Plaintiff's frivolous claim;

8.      Award of attorneys' fees, expenses, and costs of the proceeding; and

9.      Such further and additional relief as this Court deems just and equitable.


Respectfully submitted,

A Corp
By its Attorney


William H. McCarter, Jr., Esq.
B.B.O. # 327620
P.O. Box 1044
Winchester, MA 01890
(781) 729-3892

Dated: March 22, 2004

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was served by fax and by mail upon the attorney of record for Plaintiff on the date set forth below.

Date:    March 22, 2004

_____
William H. McCarter, Jr.