**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Action No. 04-CV-10040-REK

INTAC INTERNATIONAL, INC.

       Plaintiff,

v.

ACORP d/b/a ROOTERMAN
DONALD MACDONALD
       Defendant.

---

## ANSWER TO DEFENDANTS ACORP d/b/a ROOTERMAN'S COUNTERCLAIM

---

    1.    Plaintiff Intac International, Inc. admits the allegations contained in paragraph 1 of Plaintiffs' Counterclaim.

    2.    Plaintiff Intac International, Inc. admits the allegations contained in paragraph 2 of Plaintiffs' Counterclaim.

    3.    Defendant Intac International, Inc. denies the allegations contained in paragraph 3 of Plaintiffs' Counterclaim.  Plaintiff affirmatively avers that Defendant entered into a reseller agreement on January 21, 2000.

    4.    Plaintiff denies the allegations contained in paragraph 4 of Defendant's Counterclaim.

    5.    Plaintiff denies the allegations contained in paragraph 5 of Defendants' Counterclaim. Plaintiff affirmatively avers that the Wintac product was first released in 1996 after two years of development, which was a rewrite for Windows® of the original INTAC

1

software released in 1990 developed for DOS operating systems.

6.  Plaintiff denies the allegations contained in paragraph 6 of Defendants Counterclaim. Plaintiff affirmatively avers that Defendant purchased only a single user license.

7.  Plaintiff neither admits nor denies the allegations contained in paragraph 7 of Defendant's Counterclaim. Plaintiff affirmatively avers that at no time did they authorize bundling of its products for distribution into a multi-user site in violation of the parties single use agreement.

8.   Plaintiff denies the allegations contained in paragraph 8 of Defendants' Counterclaim.

9.   Plaintiff denies the allegations as alleged in paragraph 9 of Defendants Counterclaim. Plaintiff affirmatively avers that a box of "power point" demonstration materials were left for distribution which did not include any functional software as deceptively alleged by Counterclaimant.

10.  Plaintiff neither admits nor denies the allegations contained in paragraph 10 of Plaintiffs' Complaint, but leaves Defendants to their proof thereof.

11.  Plaintiff denies the allegation contained in paragraph 11 of Defendants Complaint. Plaintiff affirmatively avers that Counterclaimant continues to misrepresent the power point presentation as software, which it is not.

12.  Plaintiff neither admits nor denies the allegations contained in paragraph 12 of Defendants Counterclaim, but leaves Defendants to their proof thereof.  Plaintiff affirmatively avers they have lawfully discovered the unauthorized misappropriated use of the Wintac software as a direct result of inquiries for technical support from franchisees of ACORP, who have acknowledged receiving the software directly from ACORP in direct violation of the single user license agreement between ACORP and INTAC and without authorization for said infringement and misappropriation.

13. Plaintiff denies the allegations contained in paragraph 13 of Defendants counterclaim and affirmatively avers that at  no time have its contractors, plumbers,  and the like contributed to its

software development.

14.   Plaintiff denies the allegations as contained in paragraph 14 of Defendants counterclaim.

15.   Plaintiff denies the allegations contained in paragraph 15 of Defendants counterclaim and affirmatively avers and alleges that said products were bundled with the ACORP product and sold as part and parcel of the franchise as well as its enhancements.

16.   Defendant denies the allegation contained in paragraph 16 of Plaintiffs' complaint.

17.   Plaintiff neither admits nor denies the allegations as contained in paragraph 17 herein, but leaves Defendant to its proof therein.

18.   Plaintiff neither admits nor denies the allegations contained in paragraph 18, but leaves Defendant to its proof thereof.

19.   Plaintiff, neither admits nor denies the allegations contained in Defendants Counterclaim Paragraph 19.

20.   Plaintiff denies the allegations contained in paragraph 20 of Defendants Counterclaim.

21.   Plaintiff realleges the answers contained in paragraphs 1-20 of this answer as if set forth and restated herein.

22.   Plaintiff denies the allegations contained in paragraph 22 of Defendants Counterclaim, but affirmatively alleges there was a single user licensing agreement which has been annexed to Plaintiffs' complaint, which governs the relationship between the parties.

23.   Plaintiff denies the allegations contained in paragraph 23 of within counterclaim.

24.   Plaintiff denies the allegations contained in paragraph 24 of within counterclaim.

25.   Plaintiff realleges the answers contained in paragraphs 1-20 of this answer as if set forth and restated herein.

26.   Plaintiff denies the allegations contained in paragraph 26 of Defendants Counterclaim.

27.   Plaintiff denies the allegations contained in paragraph 27 of Defendants Counterclaim, and affirmatively avers that at no time did Defendant A Corp purchase muti-user versions of the

Wintac software for unauthorized distribution to its franchisees.

28. Plaintiff denies the allegations contained in paragraph 28 of Defendants Counterclaim.

29. Plaintiff realleges the allegations contained in paragraph 29 of the within complaint, and affirmatively avers that there is no such indicia of a verbal consent to bundle the Wintac Software for distribution to franchisees, either express or implied.

30. Plaintiff incorporates the answers to paragraphs 1-29 herein as if specifically restated herein.

31. Plaintiff admits the allegations contained in paragraph 31 of Defendant's Counterclaim.

32. Plaintiff denies the allegations contained in paragraph 32 that Plaintiff unfairly and deceptively mislead Defendants, but acknowledges that Defendants did distribute software to its franchisees.

33. Plaintiff denies the allegations contained in paragraph 33 of Defendants Counterclaim.

34. Plaintiff incorporates the answers to paragraphs 1-33 as if specifically set forth and restated herein.

35. Plaintiff denies the allegations contained in paragraph 35 of Defendants counterclaim.

36. Plaintiff neither admits nor denies the allegations contained in paragraph 36 of Defendants counterclaim but leaves Defendant to its proof thereof.

37. Plaintiff denies the allegations contained in paragraph 37 of Defendants counterclaim, but affirmatively avers that Defendant illegally sold or otherwise illegally duplicated and distributed Wintac software to its franchisees.

38. Plaintiff denies the allegations contained in paragraph 38 of Defendants Counterclaim.

39. Plaintiff incorporates the answers to paragraphs 1-38 of within complaint as if specifically restated and set forth herein.

40. Plaintiff denies the allegations contained in paragraph 40 of Defendants Counterclaim.

41. Plaintiff denies the allegations contained in paragraph 41 of Defendants Counterclaim.

42.  Plaintiff denies the allegations contained in paragraph 42 of Defendants counterclaim.

43.  Plaintiff incorporates by reference the answers to paragraphs 1-42 herein as if specifically restated herein.

44.  Plaintiff denies the allegations contained in paragraph 44 of within complaint and affirmatively avers there has been no settlement offer prior to the filing date of this action. That Plaintiff has not received a sufficient or timely response to the 93A demand and that no offer of monetary compensation for the illegal distribution of Wintac software has been pro-offered for settlement purposes.

45.  Plaintiff denies the allegations contained in paragraph 45 of Defendants Counterclaim, and affirmatively alleges that Plaintiff has received no reasonable offer of settlement after making demand for the unauthorized use and distribution of its software by Defendant, and has therefore filed within complaint so that it may protect its intellectual property as proscribed by the United States Code  17 U.S.C. §101, et seq.

46.  Plaintiff denies the allegations alleged in paragraph 46 of Defendants Counterclaim and affirmatively avers that its actions are those proscribed by law to remedy Defendants unlawful conduct.

47.  Plaintiff denies the allegations contained in paragraph 47 of Counterclaim.

48.  Plaintiff incorporates by reference the answers to paragraphs 1-47 of Defendants Counterclaim as if specifically set forth herein.

49.  Plaintiff denies the allegations contained in paragraph 49 of Defendants Counterclaim, and affirmatively avers that at no time has it consented to or licensed its Wintac software for distribution to Defendants and further states that Defendants bad faith argument that its distribution of marketing materials was  a license to illegally distribute and misappropriate its software is without merit.

50.  Plaintiff denies the allegations contained in paragraph 50 of Defendants complaint.

WHEREFORE, Plaintiffs demand that Defendants counterclaim be dismissed and that Defendants be taxed for costs and fees.

Intac International, Inc.

INTAC INTERNATIONAL , INC..
By its attorneys,

Emanuel D. Torti, BBO # 546619
John J. Flanagan BBO#649222
TORTI FLANAGAN
146 Main Street
Norfolk, MA 02056
(508) 541-4100

Dated: April 5, 2004

**CERTIFICATION**

The undersigned hereby certifies that a copy of the within answer and counterclaim was sent via US mail to William H. McCarter, Jr. Esq.  ACORP Legal Department PO Box 1044 Winchester, MA01890 on April  5, 2004.

6