UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-10040-REK

INTAC INTERNATIONAL, INC.

    Plaintiff,

v.

ACORP d/b/a ROOTERMAN
DONALD MACDONALD
    Defendant.

---

**PLAINTIFFS OPPOSITION TO DEFENDANTS ACORP d/b/a ROOTERMAN'S MOTION TO DISMISS DEFENDANT DONALD MACDONALD**

---

Now comes the Plaintiff, Intac International, Inc.'s Opposition to Defendant Donald MacDonald's Motion to Dismiss. In support thereof Plaintiff incorporates by reference the memorandum annexed hereto

WHEREFORE, Plaintiffs demand that Defendants Motion to Dismiss be denied.

                              INTAC INTERNATIONAL , INC.
                              By its attorneys,

                              _____
                              Emanuel D. Torti, BBO # 546619
                              John J. Flanagan BBO#649222

TORTI FLANAGAN
146 Main Street
Norfolk, MA 02056
(508) 541-4100

Dated: April 2, 2004

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the within answer and counterclaim was sent via US mail to William H. McCarter, Jr. Esq. ACORP Legal Department PO Box 1044 Winchester, MA01890 on April 2, 2004.

_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-10040-REK

INTAC INTERNATIONAL, INC.

    Plaintiff,

v.

ACORP d/b/a ROOTERMAN
DONALD MACDONALD
    Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANTS ACORP d/b/a ROOTERMAN'S MOTION TO DISMISS DEFENDANT DONALD MACDONALD

An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement. *Lauratex Textile Corp. v. Allton Knitting Mills Inc.*, (1981), 517 F. Supp. 900, S.D. New York, citing *Gershwin Publishing Corporation v. Columbia Artists Management, Inc.*, 443 F. 2d 1159, 1161-62 (2d Cir. 1963). Here Defendant MacDonald is the President, at least a controlling shareholder, and sole director of A Corp, a closed corporation. He signed the license agreement with Plaintiff Intac International, Inc. (hereinafter " Intac"). Plaintiff's complaint alleges misappropriation, which incredibly, Defendant's motion fails to address and fails to address the large body of law on personal and

1

contributory liability for copyright infringement. Instead Defendant would impose the restrictions of a contractual or tortious corporate shield, asking the Court to disregard the established principals of copyright law upon which the infringement and licensing violations are based.

## CONTRIBUTORY INFRINGEMENT

Contributory infringement arises as an outgrowth of the tort concept of enterprise liability. See Nimmer on Copyright § 12.04[A] [2]. There are two types of contributory infringement-personal conduct that forms part or furthers the infringement and contribution of machinery and goods that provide the means to infringe. Nimmer, Id. MacDonald meets either criteria, having both control of the infringing acts and control over the machinery and goods that infringe, the incorporation, bundling, or otherwise illegal distribution of the Intac Wintac software to the franchisees of Defendant.

A party with knowledge of the infringing activity who induces, causes, or materially contributes to the infringement or conduct of another may be held liable as a contributory infringer. *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F. 2nd 1159 (2d Cir. 1971). See also *A&M Records, Inc. v. Napstar, Inc.*, 239 F. 3rd 1004 (9th Cir. 2001). Knowledge of infringement constitutes infringement. There must be a direct relationship between the infringer and the contributor. The Supreme Court in *Sony Corp. v. Universal City Studios, Inc.* 464 U.S. 417 (1984). There the Supreme court said that the contributory infringer must be in a position to control the use of the copyrighted works and authorized the use without permission of the copyrighted owner. As the sole shareholder in charge of operations, who had complete control over

2

operations, including the materials made a part or provided in conjunction with the franchise agreements, and authorized the allegations of misuse, MacDonald is liable for the alleged abuse as is alleged to have had direct knowledge and authorized the infringement. See also *Metro-Goldwyn-Meyer Studios, Inc. v. Grokster, Ltd.* 259 F. Supp. 2d 1029 (C.D. Cal. 2003). Certainly MacDonald cannot be dismissed as a party pursuant to Rule 12 (b)(6) where a claim has certainly been stated.

## PERSONAL LIABILITY

Generally, an individual, including a corporate officer, who had the ability to supervise infringing activity, or who personally participates in the activity, is personally liable for the infringement. See *Pinkham v. Sara Lee Corp.*, 983 F. 2d 824 (8th Cir. 1992), citing *Southern Bell Tel. & Tel. V. Associated Tel. Directory Publishers*, 756 F. 2d 801 (11th Cir. 1985). A corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing the corporate veil. See *Microsoft Corporation v. MBC Enterprises*, case number 2:00-CV-00217 US Court District of Utah December 29, 2003, citing *Babbit electronics, Inc. v. Dynascan Corp.*, 38 F. 3rd 1161(11th Cir. 1994).

## PENDANT CLAIMS

Defendant MacDonald takes issue with the pendant claims relating to breach of Contract, and presumably the tort claims, which are not mentioned in the Defendants memorandum directly, but hinted at in paragraph 2 of page 5 in speaking to officer liability for tort claims. As this court is aware a corporate officer cannot evade personal liability for a tort he himself committed. *Grand Pacific v. Bauer*, 57 Mass. App. Ct. 407

3

(2003), at 414, *Refrigeration Discount Corp. v. Catino*, 380 Mass. 230 (1953); *Townsends, Inc. v. Beaupre*, 47 Mass. App. Ct. 747 (1999). Conversion certainly rings of personal tortuous behavior as does misappropriation of the contracted property.

Clearly the factors necessary to pierce the corporate veil may also be met as this matter moves from the mere allegations of the complaint to the trial stage. It would appear that Plaintiff can show common ownership, pervasive control, and other factors necessary to pierce the veil. See *Strong v. Hegarty*, 1996 Mass Ap. Div. 92 (1996). However these factors are not even necessary to support the infringement, deceptive business practices, and tortuous violations that arise from Defendant MacDonald's conduct in personally overseeing the misappropriation of Plaintiffs' intellectual property as alleged.

Defendant MacDonald's motion is brought pursuant to F.R.C.P. 12 (b) (6). On their face the pleadings are more than sufficient for the court to deny Defendants Motion. If there is no sufficient evidence at the close of discovery a Motion pursuant to Rule 56 or in conjunction with the Rule 16 conference may limit or consolidate the claims after ample discovery of the claims, or during trial pursuant to Rule 50. However to dismiss the allegations where a sound basis lies and the standard for failure to state a claim upon which relief can be granted is met, the motion should be met with temperance and denial.

        WHEREFORE, Plaintiffs demand that Defendants Motion to Dismiss be denied.

                                      INTAC INTERNATIONAL, INC.
                                      By its attorneys,

                                      Emanuel D. Torti, BBO # 546619
                                      John J. Flanagan BBO#649222
                                      TORTI FLANAGAN
                                      146 Main Street
                                      Norfolk, MA 02056
                                      (508) 541-4100

Dated: April 2, 2004

## CERTIFICATION

The undersigned hereby certifies that a copy of the within answer and counterclaim was sent via US mail to William H. McCarter, Jr. Esq. ACORP Legal Department PO Box 1044 Winchester, MA 01890 on April 5, 2004.

\\Ntserver\jack\My Documents\Intac\IntacAnswerCC.doc