FILED
IN CLERKS OFFICE
2004 JUN -8  P 3: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTAC INTERNATIONAL, INC., )<br> Plaintiff )<br> )<br>v. )<br> )<br>A CORP d/b/a ROOTERMAN and )<br>DONALD MACDONALD, )<br> Defendants )<br> ) | CIVIL ACTION NO.<br>04-10040 REK |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT SUBMITTED BY DEFENDANTS A CORP D/B/A ROOTERMAN AND DONALD MACDONALD

There are no material facts in dispute as to a number of circumstances, which entitle Defendants A Corp d/b/a Rooterman (hereinafter "A Corp") and Donald MacDonald (hereinafter "MacDonald") to a favorable summary judgment finding as a matter of law on counts of copyright infringement, violation of the Lanham Act, and all other claims based upon such counts. The grounds upon which a motion for summary judgment should be granted are: 1) Plaintiff failed to register for copyright with the Copyright Office its Wintac software sold to A Corp as described in the Complaint by the time the present action was bought, 2) when A Corp purchased the upgraded Wintac software with licenses of unlimited use as advertised by Plaintiff, A Corp did not infringe Plaintiff's trade name or trademark by recommending Plaintiff's name and software to A Corp's new franchisees after they bought the franchise, and there is no evidence to support Plaintiff's allegation that A Corp's use of Plaintiff's trade name or mark would cause the likelihood of confusion as to the origin of the

1

allegedly infringed software, 3) there is no evidence to demonstrate that A Corp ever made an advertisement using Plaintiff's name or trademark to deceive any prospective purchasers of Plaintiff's software, 4) Plaintiff's claims under the Lanham Act are preempted by the Federal Copyright Act, and 5) if the Court grants Defendants' Motion for Summary Judgment, the state law claims should be dismissed for lack of supplemental jurisdiction or diversity jurisdiction.

## SUMMARY JUDGMENT STANDARD

Rule 56 (c) of the Federal Rules of Civil Procedure states that summary judgment sought "shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the Supreme Court of the United States set forth the rule on granting a motion for summary judgment by stating that an entry of summary judgment is mandated if the plaintiff fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Id.* at 322-23; *see also Lujuan v. National Wildlife Federation*, 497 U.S. 871 (1990). If the evidence is "merely colorable," or is "not significantly probative," summary judgment must be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).

## COPYRIGHT CLAIMS

In Count I of the Complaint, Plaintiff alleged that A Corp and MacDonald unlawfully copied and distributed its copyrighted Wintac computer software. Count I of the Complaint should be dismissed because Plaintiff failed to register with the Copyright Office the Wintac

2

software it sold to A Corp as described in the Complaint, and there is no evidence to show that A Corp ever purchased the only registered version, Wintac *pro* 2.1.

1. **Failure to Register Copyright**

Under 17 U.S.C. § 411(a), "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." *See 17 U.S.A. § 411 (a)*. As such, copyright registration is a condition precedent to filing an infringement action. *See Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F.Supp. 838 (D.Mass. 1986); *see also Pristine Industries, Inc. v. Hallmark Cards, Inc.*, 753 F.Supp. 140 (S.D.N.Y. 1990) (existence of valid federal copyright registration was a necessary element of cause of action for copyright infringement).

The above requirement of registration of copyright applies to both original work and derivative works, which are based, in whole or in part, on the original work. *See 17 U.S.A. §101; 17 U.S.A. §103(b)* (derivative works are separately copyrightable). In *Murray Hill Publications Inc. v. ABC Communications Inc.*, 264 F.3d 622 (6th Cir. 2001), the Sixth Circuit Court of Appeals held that the plaintiff who had obtained a registered copyright in the original song, but did not formally registered the derivative version of the song, was barred from bringing an action for copyright infringement as to the derivative version. *See Id.* at 632. The court reasoned that 17 U.S.A. §103(b) and 17 U.S.A. § 411(a), read together, indicated that the derivative work was distinct from the preexisting work and therefore, the derivative work must be registered before an infringement action as to the derivative work might be brought. *See Id. at* 630. The court further stated that Congress intended the jurisdictional requirements of §411(a) to add clarity and certainty to the enforcement of copyrights and therefore, a copyright owner must register the derivative work as a jurisdictional requirement to bring a

copyright infringement lawsuit. *See Id.* at 632. Additionally, the Fifth Circuit Court of Appeals followed *Murray Hill* in determining *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814 (5th Cir. 1997). The *Creations* Court held that the district court did not have jurisdiction to consider the plaintiff's claim of copyright infringement of its T-shirt design by the defendant, where the plaintiff only registered the original black-white drawings that were distinct from the T-shirt design which was the derivative work. *See Id.* at 816. Moreover, in *Novak v. National Broadcasting Co.*, 716 F.Supp. 745 (S.D.N.Y. 1989), the court held that the plaintiff who had a copyright in comedy scripts could only sue for infringement of scripts, but not for infringement of actual performances, which had never been registered for copyright protection. *See Id.* at 750-751.[1]

In the present case, Plaintiff has produced and sold INTAC computer software which was the prior version of Wintac software, and Wintac software since 1990, (Exhibit, 2). Plaintiff continuously developed many derivative versions of Wintac software based on the original version. A Corp purchased a single-user version of Wintac *standard* on or about September 18 1998. It is undisputed that Wintac *standard* version had never been registered with the Copyright Office by the time this action was brought. (Exhibit, 9). In addition, there is no evidence that A Corp or MacDonald ever sold the software to anyone. The subsequent upgraded versions that A Corp purchased are: Wintac™ multi-user network edition, Wintac™ 2001 multi-user network edition, and Wintac™ Pro2002 multi-user network edition. When A Corp purchased upgraded Wintac software with license of unlimited use, A Corp was authorized to apply the Wintac software multi-user network version, as advertised by Plaintiff,

---

[1] *But see Montgomery v. Noga*, 168 F.3d 1282 (11th Cir. 1999) (holder of copyright in computer software may bring action based on later unregistered version when the later version incorporated over 70% of original registered source).

4

to unlimited computers and users. Furthermore, there is no record at the Copyright Office that Plaintiff ever registered any of the above versions of Wintac software purchased by A Corp. (Exhibit, 9). The only Wintac software Plaintiff registered with the Copyright Office, on or about April 15 1999, was "Wintac *pro* 2.1." (Exhibit 9). There is no evidence, however, to demonstrate that A Corp ever purchased Wintac *pro* 2.1. Moreover, there is no record at the Copyright Office that Plaintiff registered any version of Wintac software before April 1999, even if Plaintiff started to produce and sell INTAC and Wintac software in 1990.

Accordingly, as in *Quincy Cablesystems, Inc., Murry Hill, Creations, and Novak*, Plaintiff's claim of copyright infringement against A Corp and MacDonald should be dismissed because Plaintiff failed to comply with the statutory formalities of registration requirement to file a lawsuit claiming copyright infringement.

## CLAIMS UNDER LANHAM ACT, 15 U.S.C. § 1125

Plaintiff asserts in Count III of the Complaint that A Corp and MacDonald violated §43(a) of the Lanham Act, 15 U.S.C. § 1125(a). 15 U.S.C. § 1125(a) sets forth two causes of action for unfair competition: 1) false designation of origin, and 2) false description. *See 15 U.S.C. §1125 (a)*. Count III of the Complaint should be dismissed because there is no evidence to support Plaintiff's allegation that A Corp and MacDonald used Wintac$^{TM}$ trademark and the INTAC$^{TM}$ trademark, which constitute trademark infringement.

**1. Absence of Evidence to Support the Likelihood of Confusion as to Origin**

Trademark infringement laws "provide protection of public from confusion as to source of goods or services." *See Int'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Ctr.*, 103 F.3d 196, 200 (1st Cir. 1996). The likelihood of confusion is an essential element of a trademark infringement claim under both Massachusetts and

5

federal laws. *See Star Fin. Servs., Inc. v. AASTAR Mortgage Corp.*, 89 F.3d 5, 10 (1st Cir. 1996); *see also Astra Pharmaceutical Prods., Inc. v. Beckman Instruments, Inc.*, 718 F.2d 1201, 1205 (1st Cir. 1983).

To prove the likelihood of confusion, the plaintiff must show more than theoretical possibility of confusion. *See American Steel Foundries v. Robertson*, 269 U.S. 372, 382-84 (1926) (the defendant's use of a word which was part of the plaintiff's company's name, standing alone, is not sufficient to prove the likelihood of confusion); *see also Star.*, 89 F.3d 5, at 10 (requiring evidence of a "substantial" likelihood of confusion, not a mere possibility). Further, Plaintiff bears the burden to provide "significantly probative evidence" to show that "appreciable number" of consumers or purchasers of Defendant's products were in fact likely to be confused and believed that Defendant's products were produced, sent, or authorized by Plaintiff. *See Machinists,* 103 F.3d 19, at 201 (citing *Anderson v. Liberty Lobby, Inc.*, 477 US.S 242, 249-50 (1986)).

This jurisdiction typically considers the following eight factors in determining the likelihood of confusion: 1) the similarity of the marks, 2) the similarity of the goods, 3) the relationship between the parties' channels of trade, 4) the juxtaposition of their advertising, 5) the classes of prospective purchasers, 6) the evidence of actual confusion, 7) the defendant's intent in adopting its allegedly infringing mark, and 8) the strength of the plaintiff's mark. *See Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 29 (1st Cir. 1989); *see also Star.*, 89 F.3d 5, at 10. In addition, none of these factors, standing alone, is dispositive where the court will consider the evidence as a whole to decide the issue of likelihood of confusion. *See Sullivan*, 867 F.2d 22 at 29.

In the present case, there is no evidence to show the similarity of Plaintiff's trademarks and the marks allegedly used by A Corp. Additionally, it is undisputable that Plaintiff is in the business of developing and selling computer software, while A Corp is in the business of franchising plumbing, sewer cleaning, and drain cleaning services. Further, there is no evidence to support a claim that A Corp had ever advertised its services to compete with Plaintiff's software. Furthermore, the classes of prospective purchasers of Plaintiff are significantly different from those of A Corp. Customers and prospective customers of Plaintiff are contactors in the business of: plumbing, heating, air conditioning, refrigeration, electrical, cabling, roofing, landscaping, lawn care, pest control, drain cleaning, carpet cleaning, office cleaning, snow removal, appliance repair, painting, masonry, floor covering, wall covering, security & alarms, pool & spa, and more. On the other hand, A Corp's customers and prospective customers are those who are or would like to be its franchisees in the plumbing, sewer cleaning, and drain cleaning services business only. Moreover, there is no evidence to demonstrate actual confusion. Finally, any mentioning by A Corp of Plaintiff's name to A Corp's franchisees was merely to recommend Plaintiff's products to Plaintiff's benefit.

Although A Corp recommended Plaintiff's name or Plaintiff's products to its franchisees, such alleged use of Plaintiff's trademark, standing alone, is not sufficient to relieve Plaintiff's burden of proof of the likelihood of confusion. Therefore, Plaintiff failed to meet its burden of proof as to the claim of false designation of origin.

### 2. Absence of Evidence to Show False Description

The other cause of action under the Lanham Act § 43(a), 15 U.S.C. §1125(a) is false description or false advertisement. To prevail on a claim of false advertisement, Plaintiff has

the burden to prove at least three elements: 1) the defendant made false or deceptive advertisements or representations to consumers, 2) those advertisements deceived a significant portion of the consuming public, and 3) the plaintiff was injured by the defendant's conduct. *See Brown v. Armstrong*, 957 F.Supp. 1293, 1301 (D. Mass. 1997).

As to the deceptive advertisement or promotion, the plaintiff has the burden to prove that the alleged advertisement or presentation must be: 1) commercial speech, 2) by a defendant who is in commercial competition with the plaintiff, 3) for purpose of influencing consumers to buy defendant's goods, and 4) disseminated sufficiently to the relevant purchasing public. *See Id.* at 1302 (citing *Gordon and Breach Science Publishers v. American Institute of Physics*, 859 F.Supp. 1521, 1536 (S.D.N.Y. 1994) and *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996)).

In the present case, as an initial matter, Plaintiff failed to identify any specific deceptive advertisement or promotion made by A Corp. Further, there is no evidence to show that any alleged commercial promotion or advertisement made by A Corp about Plaintiff's software was literarily false. It is undisputable that A Corp is not in commercial competition with Plaintiff because A Corp is in the business of franchising plumbing, sewer cleaning, and drain cleaning services while Plaintiff is in the business of developing and selling computer software. There is no evidence to support the notion that A Corp ever targeted Plaintiff's customers to advertise in competition with Plaintiff. To the contrary, A Corp mentioned Plaintiff's name to its franchisees with the proviso that Plaintiff sold Wintac software and the franchisees should contact Plaintiff if they were interested in the software. The alleged use of Plaintiff's name and trademark by A Corp, if any, was not for the purpose of influencing the franchisees to buy A Corp's own product, but for the purpose of recommending Plaintiff's

8

Wintac software to its franchisees after they bought the franchise. A Corp also recommended other companies' products for the benefit of the franchisees. Such recommendation in fact worked to promote Plaintiff's Wintac software without any compensation to A Corp. Furthermore, prospective purchasers of Wintac software are contractors in many kinds of business, while A Corp's customers are contractors of plumbing, sewer cleaning, and draining services only. *See Discussion supra* at page 7. Moreover, there is no evidence to show that A Corp ever advertised to disseminate misleading information to any of Plaintiff's prospective customers.

Therefore, Plaintiff failed to fulfill its obligation to prove that any of A Corp's conduct would constitute false description under the Lanham Act § 43(a), 15 U.S.C. §1125(a).

### 3. Preemption by Copyright laws

Many federal district courts and courts of appeals have applied state preemption principles to claims brought under the Lanham Act where Plaintiff fails to provide evidence, materially different from its copyright claim, to support its trademark claim. *See Natkin v. Winfrey*, 111 F.Supp.2d 1003, 1013-14 (N.D. Ill. 2000) (summary judgment granted for the defendant as to trademark claim where the plaintiffs did nothing more than reallege their copyright claims under the guise of the Lanham Act); *see also Weber v. Geffen Records, Inc.*, 63 F.Supp.2d 458, 464 (S.D.N.Y. 1999) (Plaintiff's Lanham Act claim is impermissible because it would essentially duplicate a Copyright Act claim) and *Shaw v. Lindheim*, 919 F.2d 1353, 1364-65 (9th Cir. 1990) (declining to expand the Lanham Act to cases in which copyright provides adequate remedy).

In the present case, as in *Natkin* and *Weber*, Plaintiff has not presented any evidence to support its trademark claims of Count III, which materially differs from the conduct alleged to

support its copyright claim. To support its Lanham Act claims, Plaintiff just repeated the same allegation as to A Corp's conduct used to support the Copyright claims of Count I. Accordingly, Plaintiff's Lanham Act claims of Count III are copyright claims in disguise and should be preempted by Copyright laws.

## DIVERSITY OF CITIZENSHIP

Under 28 U.S.C. § 1332 (a), the district court "shall have original jurisdiction over civil action, where the matter in controversy exceeds $75,000, and is between citizens of different States." Such general-diversity statute applies "only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." See *Caterpillar Inc., v Lewis*, 519 U.S. 61, 68 (1996). In addition, 28 U.S.C. § 1332 (c) (1) states that a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

In the present case, Plaintiff is a Massachusetts corporation with a principal place of business in Burlington, Massachusetts. A Corp is a Massachusetts corporation with its principal place of business in North Billerica, Massachusetts. MacDonald is a Massachusetts resident. Accordingly, to the contrary of Plaintiff's allegation that this Court has diversity jurisdiction over the parties, (Complaint, ¶3), there is no diversity of citizenship between Plaintiff and all the Defendants. Therefore, if this Court grants the motion for summary judgment on claims of copyright infringement and violation of the Lanham Act, this Court should dismiss all other state claims for lack of diversity jurisdiction over the parties.

## SUPPLEMENTAL JURISDICTION

Under 28 U.S. C. § 1367 (c), the district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. When

the federal claims are dismissed before trial, it is generally accepted that the state claims must be dismissed as well. *See Freer v. Mayer*, 796 F.Supp. 89, 94 (D.C.N.Y. 1992) (court refused to exercise supplemental jurisdiction over state law claims following grant of summary judgment over federal claims); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). In addition, dismissal of state claims is appropriate when all the federal claims are dismissed at an early stage of the litigation. *See Nashua Brookside Hospital, Inc. v. Cppuccio*, 1993 WL 62366 at*5 (D. Mass. 1993); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); and *Choen v. Shea*, 788 F.Supp. 66 (D. Mass. 1992) (state law claims will be dismissed for lack of supplemental jurisdiction when plaintiff's federal claims do not survive the defendant's motion to dismiss).

In the present case, Plaintiff's federal claims are copyright infringement and violation of the Lanham Act. All other claims are state law claims that are based upon the federal claims. Additionally, the case is in the very early stage of the litigation. As in the cases cited above, if this Court decides to grant A Corp and MacDonald's motion for summary judgment on counts of copyright infringement and violation of the Lanham Act, it is appropriate for the Court to dismiss all other state claims for lack of supplemental jurisdiction.

## CONCLUSION

Based on the forgoing, Defendants' motion for summary judgment on counts of copyright infringement and violation of the Lanham Act should be granted, and all other state law claims should be dismissed for lack of jurisdiction.

Respectfully submitted by,
Defendant, A Corp d/b/a Rooterman, and
Defendant Donald MacDonald
By their Attorney,

*[signature]*
William H. McCarter, Jr.
BBO # 327620
PO Box 1044
Winchester, Massachusetts 01890
(781) 729-3892

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was served by hand mail upon the attorney of record for Plaintiff on the date set forth below.

Date: June 7, 2004

*[signature]*
William H. McCarter, Jr.

12