FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUN -8 P 3: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| INTAC INTERNATIONAL, INC., ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 04-10040 REK |
| A CORP d/b/a ROOTERMAN and ) | |
| DONALD MACDONALD, ) | |
| Defendants ) | |

**STATEMENT OF UNDISPUTED FACTS SUBMITTED BY
DEFENDANTS A CORP D/B/A ROOTERMAN AND DONALD MACDONALD**

Under Federal Local Rule 56.1, the Defendants A Corp d/b/a Rooterman ("A Corp") and Donald MacDonald ("MacDonald") submit the following statement of facts, as to which there is no genuine dispute, in support of their Motion for Summary Judgment.

**THE PARTIES**

1. A Corp is a corporation duly organized under the laws of the Commonwealth of Massachusetts and has a principal place of business at 268 Rangeway Road, North Billerica, Massachusetts.

2. MacDonald is the President and CEO of A Corp.

3. Based on information and belief, Plaintiff, INTAC International Inc. (the "Plaintiff") is a Massachusetts corporation with a principal office in Burlington, Massachusetts.

1

**FACTS**:

4. In early 1998, Eugene Dundey ("Dundey"), a full time consultant of A Corp, started to search for business management software available on the market for the operation of A Corp. (Exhibit 1).

5. In March, 1998, Plaintiff sent a letter to Dundey with some literature introducing Plaintiff's Intac software that subsequently changed the name to Wintac, where Plaintiff stated that a network edition of the software "allows unlimited multi-user access to all customer-related data…You can use INTAC to simultaneously manage an unlimited number of businesses from a single computer or network." (Exhibit 2).

6. Convinced by Plaintiff's advertisement, A Corp decided to purchase a single-user version of Plaintiff's software to test the quality of the software, and subsequently entered into an agreement of purchase and licensing of Wintac *standard* single-user version ("Wintac *standard*") for $995 on or about September 18, 1998. (Exhibit 3).

7. Wintac *standard* was not registered for a copyright with the Copyright Office in September 1998, or by the time this copyright infringement action was filed. (Exhibit 9).

8. Subsequent to purchase of Wintac *standard*, Dundey discussed with a Plaintiff's representative the purchase of this software for use in A Corp's franchise business, including the recommendation to A Corp's Rooter-Man franchisees of the Wintac software for use in their respective businesses.

9. On or about April 8 1999, A Corp ordered an upgraded Wintac™ 2.1 multi-user network edition for $399, but Plaintiff declined such offer by counter offering $199 for

Wintac™ 2.1 single-user version which A Corp did not intend to purchase. (Exhibits 4 and 5).

10. Subsequently, on or about May 27 1999, A Corp submitted a new order form provided by Plaintiff and paid $1,499, reduced by $199 credit, to upgrade its Wintac software to Wintac™ multi-user network edition. (Exhibit 6).

11. There is no record at the Copyright Office that Plaintiff registered Wintac™ multi-user network edition for a copyright in May 1999, or by the time it filed this copyright infringement action against Defendant. (Exhibit 9).

12. In its subsequent advertisements, Plaintiff described an upgraded multi-user network version of its computer software as it "installs on unlimited computers at no additional charge," that had the capacity to transfer customer data to and from "mobile computers used in the field," and had the capacity to apply to unlimited number of users. (Exhibits 7, 8, and 11).

13. The only item Plaintiff registered with the Copyright Office is Wintac *pro 2.1* version, which was registered in April 1999. (Exhibit 9).

14. There is no record at the Copyright Office that Plaintiff ever registered any Wintac version developed before Wintac *pro* 2.1. (Exhibit 9).

15. Plaintiff's Wintac *pro* 2.1 was published for the copyright law purpose on or about February 2 1999. (Exhibit 9).

16. There is no evidence to show that A Corp ever purchased Wintac *pro* 2.1.

17. There is no record at the Copyright Office that Plaintiff ever registered any Wintac software version developed after Wintac *pro* 2.1. (Exhibit 9).

18. Since purchasing the Wintac software from the Plaintiff, A Corp has recommended Wintac software to its new franchisees, after they bought the franchise, for review and testing in their respective franchise operations with the proviso that such franchisees would directly deal with Plaintiff if they decided to purchase the software.

19. Plaintiff is in the business of developing and selling computer software.

20. A Corp is in the business of franchising plumbing, sewer cleaning, and drain cleaning services.

21. Plaintiff's customers and prospective customers are contactors in the business of: plumbing, heating, air conditioning, refrigeration, electrical, cabling, roofing, landscaping, lawn care, pest control, drain cleaning, carpet cleaning, office cleaning, snow removal, appliance repair, painting, masonry, floor covering, wall covering, security & alarms, pool & spa, and more. (Exhibit 10).

22. A Corp's customers and prospective customers are contractors providing plumbing, sewer cleaning, and draining services only.

23. There is no evidence to show that A Corp or MacDonald ever sold any Wintac software to its franchisees or to anyone else.

24. A Corp upgraded its Wintac software to Wintac™ 2001 multi-user network version for $499 in May, 2000 with license to install it on unlimited computers and to apply the software to transfer customer data to and from mobile computers used in the field as advertised by Plaintiff. (Exhibit 8).

25. There is no record at the Copyright Office that Plaintiff registered Wintac™ 2001 at the time it sold the software to A Corp, or by the time it brought the present action. (Exhibit 9).

4

26. A Corp upgraded its Wintac software to Wintac™ Pro2002 multi-user network version for $599 in November, 2001 with license to use it on unlimited number of users as advertised by Plaintiff. (Exhibit 11).

27. There is no record in the Copyright Office that Plaintiff registered Wintac™ Pro2002 at the time it sold software to A Corp, or by the time it brought the present action. (Exhibit 9).

                    Respectfully submitted by,
                    Defendant, A Corp d/b/a Rooterman, and
                    Defendant Donald MacDonald
                    By their Attorney,

                    William H. McCarter, Jr.
                    BBO # 327620
                    PO Box 1044
                    Winchester, Massachusetts 01890
                    (781) 729-3892

### CERTIFICATE OF SERVICE

I certify that a true copy of the above document was served by mail upon the attorney of record for Plaintiff on the date set forth below.

Date: June 7, 2004                    William H. McCarter, Jr.