UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTAC INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-10040-REK |
| ) | |
| ACORP D/B/A ROOTERMAN ) | |
| Defendants. ) | |

FILED
IN CLERKS OFFICE
2004 JUL -6 P 1:33
U.S. DISTRICT COURT
DISTRICT OF MASS

### PLAINTIFF'S INITIAL DISCLOSURE IN RESPONSE TO RULE 26A

Pursuant to Fed. R. Civ. P 26(a) and Local Rule 26 (a) the Plaintiff INTERNATIONAL, INC. (hereinafter "Plaintiff" or "Intac") submits it's initial disclosure subject to preservation of any and all claims of privilege and without the waiver or forfeiture of any objection to discoverability or admissibility.

**A. Name address and telephone number of Individuals likely to have discoverable Information:**

1. Dan Restivo, Intac International, Inc. Burlington, MA 01803, 781-272-4494.
2. Art Chadbourne, Intac International, Inc. Burlington, MA 01803, 781-272-5652.

**B. Documents and Tangible things in the possession, custody or control of Plaintiff:**

1. Screenshots for Wintac versions 1.5, 2.1, 2.5, 3.1, 4.1, 5.5, 7.2. (Approximately 50 screenshots demonstrating Wintax expression.)
2. Wintac software.
3. Wintac demonstration disks.

4. Wintac order registration forms and upgrade order forms from Rooterman, Donald McDonald, A-Corp, and copy of Sewerman draft.

5. A-Corp franchise disclosure documents.

6. Copyright registration for Wintac.

7. Rooterman marketing information.

8. Marketing information on ASOFT software.

9. Wintac Single User License issued to ACORP.

10. Corporate records information for Acorp., Sewerman, and Rooterman.

11. Letter to Intac form Donald MacDonald.

12. Upgrade requests from unlicensed Acorp franchisees.

### C. Damages:

Plaintiff claims damages for infringement pursuant to 17 U.S.C. § 504. As trial proceeds and prior to final judgment, see 17 U.S.C § 504 (b) and (c) (1), Plaintiff's may elect to seek either Actual Damages and Profits or Statutory damages. Should Intact elect to seek actual damages Plaintiff's seek all profits as set forth under the act, which include a showing by Plaintiff of Defendants gross profits, in this case an apportionment for all franchise fees rendered in accordance with the infringing software, allocated by gross revenues. See *Data Gen. V. Grumman Systems Support*, 36 F. 3rd 1147, at 1158 (1st Cir. 1994). Defendant would then have the opportunity to prove reasonable deductible expenses to be deducted from the gross revenues under 17 U.S.C. § 504 (b). Here Plaintiff has acquired proof of the infringement but as yet the scope is not fully ascertainable. Plaintiff seeks gross damages for all sales made with the infringing Wintac software.

Plaintiff also reserves the right to seek statutory damages for willful acts of infringement by each Defendant 17 U.S.C. § 505 C (2). Willful damages may be assessed at up to $150,000 per Defendant. See also *Venegas-Hernandez v. Sonolux Records*, 03-2014 (1st Cir. June 7, 2004). Plaintiff also seeks attorney fees pursuant to 17 U.S.C. §505.

                            **INTAC INTERNATIONAL,**
                            By its attorney

                            _____
                            John J. Flanagan (BBO#649222)
                            Torti Flanagan, P.C.
                            146 Main Street
                            Norfolk, MA 02056
Dated: June 30, 2004           (508) 520-0803

### CERTIFICATION

On the 1st day of July, 2004 the undersigned forwarded a copy of the enclosed disclosure to William H. McCarter, Esq. 01890, PO Box 1044, Winchester, MA 01890.

_____