# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**Civil Action No. 04-CV-10040-REK**

**INTAC INTERNATIONAL, INC.**

      **Plaintiff,**

v.

**ACORP d/b/a ROOTERMAN**
**DONALD MACDONALD**
      **Defendant.**

---

**PLAINTIFFS CONCISE STAEMENT OF GENUINE ISSUES OF MATERIAL FACTS & DISPUTED FACTS UNDER L. RULE 56.1 IN OPPOSITION TO DEFENDANTS ACORP d/b/a ROOTERMAN'S MOTION FOR SUMMARY JUDGMENT**

---

Now comes the Plaintiff, Intac International, Inc.'s Opposition to Defendant Donald MacDonald's Motion for Summary Judgment. In support thereof Plaintiff notes the following genuine issue's of Material Fact.

1. A genuine issue of material fact exists as to whether Defendants copied and infringed the copyright on the WINTAC™ software, owned and registered to Plaintiff for use by Defendant's and their franchisees.
2. A genuine issue of material fact exists as to whether Defendants had access to Plaintiff's copyrighted materials.
3. A genuine issue of material fact exists whether Wintac Software and Defendant's software is substantially similar.
4. A genuine issue of Material fact exists as to whether Defendants copied and infringed the copyright for the Wintac software in the production of it's ASOFT software.
5. A genuine issue of material fact exists as to whether Defendants bundled Wintac software as part of its materials provided to its franchisees.

6. A genuine issue of material fact exists as to whether Defendants violated the terms of their license agreement by redistributing the Wintac Software to franchisees.

7. A genuine issue of material fact exists as to whether Defendants repackaged the Wintac software and offered for sale ASOFT software in violation of the Lanham Act.

Disputed Facts as set forth by Defendants:

1. Agreed.
2. Agreed.
3. Agreed.
4. This fact presumes facts which Plaintiff as of this date does not have a basis to know.
5. Plaintiff admits to the authenticity of the Literature in Exhibit 2 and the letter, within the context of the documents which explain a network product on a licensed database system. See Defendants 2, infra.
6. Agreed that Exhibit 3 is authentic. Plaintiff makes no admission of Defendants understanding of the license terms or what Defendants convinced themselves was the scope of the single user license.
7. Denied. The essence of Wintac Standard and its copyrightable elements were Registered in 1999 as set forth in Plaintiff's complaint. Plaintiff further avers that the original creation exists in the copyrighted work.
8. Denied. Plaintiff alleges Donald MacDonald registered A-Corp. under a reseller program on 1.21.00, allowing him a 10% commission on new customer sales he generated.
9. Exhibit 4 demonstrates what Defendant purchased. Plaintiff can not speculate as to what Defendants intentions were.
10. Exhibit 6 shows Defendant's purchase of Wintac software on 5.27.99.
11. Denied. The essence of the Wintac software and its copyrighted expression existed in the registered copy as well as all copies sold to Defendants.
12. Admit, subject to the clear terms and limitations of the license.
13. Admit.
14. Admit to no prior registrations, denied that the copyrighted expression for prior versions is not contained in the registered work.
15. Admit.
16. Donald MacDonald placed an order for the network edition of Wintac Single user license on May 27, 1999 and on May 16, 1999 orders the Wintac 2001 Upgrade. On Nov. 20, 2001, a Gena from A-Corp ordered Wintac Pro 2002 Upgrade. See Plaintiff's Affidavit of Torti.
17. Admit.
18. Denied.
19. Admit.
20. Admit. Plaintiff alleges Defendant is also a reseller of software for its

2

franchisees.
21. Admit.
22. Plaintiff is unaware of the scope of A-Corp's business.
23. Denied.
24. Plaintiff admits the documents are authentic. Plaintiff affirmatively avers that The license did not authorize transfer of copyrighted software to resellers or franchisees.
25. Denied. Plaintiff registered and copyrighted Wintac Software and its original elements when it registered the original work in 1999, whose essense and essential elements are contained in that work.
26. Admit. Plaintiff avers the copyrighted essence of the work remains the same.
27. Denied. Plaintiff registered and copyrighted Wintac Software and its original protectible elements when it registered the work in 1999.


WHEREFORE, Plaintiffs demand that Defendants Motion to Dismiss be denied.


INTAC INTERNATIONAL , INC.
By its attorneys,


Emanuel D. Torti, BBO # 546619
John J. Flanagan BBO#649222
TORTI FLANAGAN
146 Main Street
Norfolk, MA 02056
(508) 541-4100

Dated: July 9, 2004


## CERTIFICATION

The undersigned hereby certifies that a copy of the within Opposition to Motion for Summary Judgment was sent via US Express mail to William H. McCarter, Jr. Esq. A-CORP Legal Department PO Box 1044 Winchester, MA 01890 on July 2, 2004.