UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-10040 REK

| | |
|---|---|
| INTAC INTERNATIONAL, INC., | )
| Plaintiff | )
| | )
| v. | )
| | )
| A CORP d/b/a ROOTERMAN and | )
| DONALD MACDONALD, | )
| Defendants | )
| | )

### ANSWER OF DEFENDANT DONALD MACDONALD

Defendant Donald MacDonald (hereinafter "Defendant"), denying each and every allegation of the Plaintiff's Complaint unless specifically admitted, answers each numbered paragraph as follows. As used herein the phrase "without knowledge" shall mean the Defendant is without knowledge sufficient to admit or deny the allegation and therefore denies the allegation.

1. The Defendant admits that the Plaintiff is bringing suit for the alleged actions stated in Paragraph 1 of the Complaint, but denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. The Defendant denies the allegations contained in paragraph 3 of the Complaint.

## THE PARTIES

4. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. The Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. The Defendant admits that Donald MacDonald is the President, Treasurer and Clerk of A Corp, a corporation with a principal place of business at 268 Rangeway Road, N. Billerica, Massachusetts, but otherwise denies the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. The Defendant denies the allegation contained in Paragraph 8 with respect to diversity jurisdiction and is without knowledge as to the truth of the balance of the allegations contained in Paragraph 8 of the Complaint.

## THE COPYRIGHTED WORKS

9. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 16 of the Complaint.

## TRADEMARK RIGHTS

17. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 19 of the Complaint.

## DEFENDANTS' CONDUCT

20. The Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. The Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. The Defendant is without knowledge as to the truth of the allegation contained in Paragraph 22 regarding Plaintiff's activities, but otherwise specifically denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. The Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. The Defendant denies the allegations contained in the first sentence of Paragraph 24 of the Complaint and admits the allegation contained in the second sentence of Paragraph 24. Defendant is without knowledge as to the truth of the allegations contained in the third sentence of Paragraph 24.

25. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. The Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. The Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. The Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. The Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. The Defendant denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT I
### (Copyright Violations)

31. The Defendant repeats the answers set forth in the preceding paragraphs.

32. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. The Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. The Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. The Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. The Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. The Defendant denies the allegations contained in Paragraph 38 of the Complaint.

WHEREFORE, the Defendant demands that Count I of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT II
### (Unfair and Deceptive Trade Practices)

39. The Defendant repeats the answers set forth in the preceding paragraphs.

40. The Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. The Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. The Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. The Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. The Defendant denies the allegations contained in Paragraph 44 of the Complaint.

WHEREFORE, the Defendant demands that Count II of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT III
### (False Designation of Origin and False Description and Trademark Infringement)

45. The Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. The Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. The Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. The Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. The Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. The Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. The Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. The Defendant denies the allegations contained in Paragraph 52 of the Complaint.

WHEREFORE, the Defendant demands that Count III of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT IV
## (Common Law Unfair Competition)

53. The Defendant repeats the answers contained in the preceding paragraphs.

54. The Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. The Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. The Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. The Defendant denies the third sentence of Paragraph 57 but otherwise is without knowledge as to the allegations contained in Paragraph 57 of the Complaint.

58. The Defendant is without knowledge as to the allegations contained in Paragraph 58 of the Complaint.

59. The Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. The Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. The Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. The Defendant denies the allegations contained in Paragraph 62 of the Complaint.

WHEREFORE, the Defendant demands that Count IV of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT V
## (Conversion)

63. The Defendant repeats the answers contained in the preceding paragraphs.

64. The Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. The Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. The Defendant denies the allegations contained in Paragraph 66 of the Complaint.

WHEREFORE, the Defendant demands that Count V of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT VI
## (Unjust Enrichment)

67. The Defendant repeats the answers contained in the preceding paragraphs.

68. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 68.

69. The Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 70.

71. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 71.

72. The Defendant is without knowledge as to the truth of the allegations contained in Paragraph 72.

73. The Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. The Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. The Defendant denies the allegations contained in Paragraph 75 of the Complaint.

WHEREFORE, the Defendant demands that Count VI of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## COUNT VII
## (Breach of Contract)

76. The Defendant repeats the answers contained in the preceding paragraphs.

77. The Defendant admits the allegations contained in Paragraph 77 of the Complaint but maintains that the order form was subsequently modified to permit installation and use of Wintac software at more than one physical location.

78. The Defendant denies the allegations contained in Paragraph 78 of the Complaint.

WHEREFORE, the Defendant demands that Count VII of the Plaintiff's Complaint be dismissed and that judgment enter for the Defendant, together with attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

### Third Affirmative Defense

The Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because the Plaintiff failed to comply with the copyright registration requirements of 17 U.S.C. §§ 411(a).

### Fourth Affirmative Defense

The Plaintiff's Complaint should be dismissed because Plaintiff did not have valid copyright ownership of the Wintac software since A Corp made substantial contributions to Wintac's software development.

### Fifth Affirmative Defense

The Plaintiff's copyright infringement claims against A Corp should be dismissed for Plaintiff's failure at the time this action was commenced to have registered any copyright for the Wintac software originally sold to A Corp and the versions subsequently alleged to have been wrongfully distributed by A Corp.

### Sixth Affirmative Defense

The Plaintiff's Complaint should be dismissed because the use, if any, was a fair use under Section 107 of the Copyright Act Fair Use provision.

### Seventh Affirmative Defense

The Plaintiff is estopped from asserting its claims against the Defendant by virtue of the Plaintiff's consent and assistance in Defendant A Corp's distribution of Plaintiff's demonstration CD-ROM's to Defendant A Corp's franchisees for testing and consideration and Defendant A Corp's reliance on Plaintiff's consent to its detriment.

### Eighth Affirmative Defense

The Plaintiff has waived any right to relief given the Plaintiff's failure to object in a timely manner to the Defendant's actions.

### Ninth Affirmative Defense

The Plaintiff's allegations against Defendant A Corp should be dismissed because at the time of the original license agreement between the Plaintiff and Defendant A Corp in 1998, the Plaintiff did not have a copyright and had knowledge of the Defendant A Corp's franchise business and consented to A Corp's distribution of demonstration CD-ROMs to Defendant A Corp's franchisees for testing and consideration, and Plaintiff assisted in this distribution by providing multiple copies of such CD-ROMs and marketing materials.

### Tenth Affirmative Defense

The doctrine of unclean hands prohibits the Plaintiff from asserting the claims alleged in the Complaint given the Plaintiff's active participation in the distribution of the demonstration disks and supporting marketing material and its lack of good faith in its dealings with Defendant A Corp.

### Eleventh Affirmative Defense

The Plaintiff is barred by the Statute of Frauds from asserting the claims alleged in the Complaint.

### Twelfth Affirmative Defense

The Plaintiff is barred by the Statute of Limitations from asserting the claims alleged in the Complaint.

### Thirteenth Affirmative Defense

The Plaintiff's allegations are barred by the equitable doctrine of laches given the Plaintiff's delay in bringing this action to the prejudice of Defendant A Corp.

### Fourteenth Affirmative Defense

The Plaintiff's claims against the Defendant should be barred because the Plaintiff acted with fraud and deception when it surreptitiously contacted Defendant A Corp's franchisees to obtain information about the franchisees' acquisition of the demonstration disks, and in so doing, interfered with Defendant A Corp's contractual relations with its franchisees by intimating to Defendant A Corp's franchisees that A Corp had illegally sold Plaintiff's software to its franchisees.

### Fifteenth Affirmative Defense

The Plaintiff's claims against the Defendant should be barred because the Defendant's alleged appropriation of copyrighted material involved Plaintiff's demonstration software, which was in the public domain and available on Plaintiff's web site for download to anyone visiting the Intac International, Inc. website.

## REQUEST FOR RELIEF

The Defendant respectfully requests that the Court deny each and every request of the Plaintiff for relief whether by way of injunctive relief or damages, and that judgment enter for the Defendant together with attorneys' fees and costs.

>Respectfully submitted,
>Donald MacDonald, Defendant
>
>By his Attorney
>
>_____
>William H. McCarter, Jr., Esq.
>B.B.O. # 327620
>P.O. Box 1044
>Winchester, MA  01890
>(781) 729-3892

Dated:  August 20, 2004

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was served by mail upon the attorney of record for Plaintiff on the date set forth below.

Date:  August 20, 2004                         _____
                                                William H. McCarter, Jr.